# AKIN GUMP
## STRAUSS HAUER & FELD LLP
Attorneys at Law

**MEMO ENDORSED**

September 10, 2007

ARIANE AUSTIN QURESHI
212.872.1083/fax: 212.407.3263
aaustin@akingump.com

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 9/11/07
```

**VIA FACSIMILE**
The Hon. P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Frequency, LLC (f/k/a Goodradio.TX, LLC), Inc. v. Clear Channel Broadcasting, Inc.*, No. 07-CIV-7785 (PKC)

Dear Judge Castel:

  We represent Defendant Clear Channel Broadcasting, Inc. ("Clear Channel") in the above-referenced case. Pursuant to your individual practice rule 2(A), we write to request a pre-motion conference in order to make a motion to dismiss, or in the alternative to stay, Plaintiff's case (the "New York Lawsuit") under the "first-filed rule." A competing lawsuit, entitled *Clear Channel Broadcasting, Inc., Clear Channel Broadcasting Licenses, Inc., CC Licenses, LLC, Capstar Radio Operating Co., Capstar TX Limited Partnership, AMFM Radio Licenses, LLC, Citicasters Co., Citicasters Licenses, L.P. and Jacor Broadcasting Corp., v. Frequency, LLC, Frequency License, LLC, American Securities Capital Partners, LLC and Jeffrey Warshaw*, Case No. 2007-CI-12493, was filed by Clear Channel in the 288th District Court, Bexar County, Texas (the "Texas Lawsuit") on August 17, 2007. Clear Channel filed the Texas Lawsuit three (3) days before the date on which the New York Lawsuit was originally filed. The claims asserted by Plaintiff Frequency, LLC ("Frequency") in the New York Lawsuit amount to defenses and compulsory counterclaims that should have been raised in the Texas Lawsuit.

  The Texas Lawsuit involves claims for breach of contract, tortious interference and fraud. The claims are based on Frequency's breach of an Asset Purchase Agreement ("APA") entered into with Clear Channel and eight others sellers[1] on April 30, 2007 to buy 187 radio stations for $452.1 million. Financing for the transaction is being provided by American Securities Capital

---

[1] The other parties to the APA are: Clear Channel Broadcasting Licenses, Inc.; CC Licenses; LLC, Capstar Radio Operating Co.; Capstar TX Limited Partnership; AMFM Radio Licenses, LLC; and Jacor Broadcasting Corporation.

**AKIN GUMP**
**STRAUSS HAUER & FELD** LLP
Attorneys at Law

Hon. P. Kevin Castel, U.S.D.J.
September 10, 2007
Page 2

Partners, LLC ("ASCP"), and in July 2007 a consultant hired by Frequency and ASCP, Jeffrey Warshaw, told Clear Channel that Frequency had no intention of paying the agreed purchase price and that Frequency would only complete the transaction if Clear Channel agreed to reduce the purchase price by $100 million. Clear Channel advised Mr. Warshaw that it expected Frequency to abide by the terms of the APA. Frequency responded by accusing Clear Channel of unsubstantiated breaches of the APA. Clear Channel denied the allegations and asked Frequency to give adequate assurance that Frequency intended to go forward with the purchase of the radio stations on the terms set forth in the APA. Frequency failed and refused to give Clear Channel the assurance it requested. Frequency is in breach of the APA because it is refusing to pay Clear Channel the agreed purchase price for the radio stations.

On August 17, 2007, Clear Channel filed the above described Texas Lawsuit. On the same day that the Texas Lawsuit was filed, Clear Channel emailed Frequency and ASCP a copy of the petition from the Texas Lawsuit to place them on notice of the litigation. Three days later, on Monday, August 20, 2007, Frequency filed claims for breach of contract and declaratory judgment suit against Clear Channel in New York state court. The allegations raised by Frequency in the New York Lawsuit – whether there has been a breach of the APA, whether the APA has been or can be terminated and whether Frequency is entitled to the return of any of its $20 million deposit – are identical to the issues to be tried in the Texas Lawsuit. Further, unlike the New York Lawsuit, all the parties necessary for a full, complete and just adjudication of the parties' dispute are before the Texas court.

Under New York's first-filed rule, Frequency's complaint should be dismissed, or stayed because the interests of justice will be better served by adjudicating this dispute in the forum of the first-filed Texas case, thus avoiding duplicative and potentially inconsistent litigation.

Clear Channel is prepared to address the Court on these issues at the Court's convenience, and Clear Channel will file the requisite motion, memorandum of law and supporting declarations if the Court so directs.

Respectfully submitted,

*Ariane A. Qureshi*

Ariane A. Qureshi

cc:   Max R. Shulman (*via facsimile*)
      Michael T. Reynolds (*via facsimile*)

*[Handwritten note: Please respond to the September 10 letter by the September 19. I will take the matter up at the November 16 conference. Time to answer or move adjourned to a date to be set at the conference. SO ORDERED. /s/ USDJ 9-11-07]*

TOTAL P.03