UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

FREQUENCY, LLC, f/k/a GOODRADIO.TV, LLC

Plaintiff,

-against-

CLEAR CHANNEL BROADCASTING, INC.

Defendant.

07-Civ-07785 (PKC)
ECF Case

---

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS OR STAY

CRAVATH, SWAINE & MOORE LLP
Max R. Shulman
Michael T. Reynolds
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Attorneys for plaintiff Frequency, LLC*

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS ............................................................................................... i

INDEX OF AUTHORITIES ......................................................................................... ii

Preliminary Statement ..................................................................................................1

Statement of Facts ........................................................................................................1

Argument .....................................................................................................................3

I.    NONE OF DEFENDANT'S ARGUMENTS FOR DISMISSAL OR A STAY
HAS MERIT ..........................................................................................................3

     A.   Frequency Did Not Consent to Venue or Personal Jurisdiction in Bexar County,
Texas. ...........................................................................................................3

     B.   The First-Filed Rule Does Not Apply, and, in Any Event, the New York Action
Was Filed First. ...........................................................................................4

     C.   This Court Should Not Abstain under *Colorado River* ........................................5

     D.   A Stay Based upon *Giulini v. Blessing* Would Be Inappropriate. .......................9

II.   FREQUENCY'S DECLARATORY JUDGMENT CLAIMS ARE PROPER. ........10

Conclusion ...................................................................................................................11

# INDEX OF AUTHORITIES

Page(s)

**Cases**

*Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325 (2d Cir. 1986)........ 8

*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).... passim

*Dunkin' Donuts Franchised Rests. LLC v. Rijay Inc.*, No. 06 Civ. 8237, 2007 U.S.
    Dist. LEXIS 36614 (S.D.N.Y. May 16, 2007).................................................... 8, 10, 11

*Elmendorf Grafica, Inc. v. D.S. Am. (East), Inc.*, 48 F.3d 46 (1st Cir. 1995)..................... 8

*FDIC v. Four Star Holding Co.*, 178 F.3d 97 (2d Cir. 1999) ............................................. 5

*Giulini v. Blessing*, 654 F.2d 189 (2d Cir. 1981) ................................................................ 9

*Gonzalez v. Cruz*, 926 F.2d 1 (1st Cir. 1991) .................................................................... 8

*Inn Chu Trading Corp. v. Sara Lee Corp.*, 810 F. Supp. 501 (S.D.N.Y. 1992) ................ 9

*Law Ins. Co. Ltd. v. Corcoran*, 807 F.2d 38 (2d Cir. 1986) .............................................. 7

*Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460*, U.S. 1 (1983).................. 7, 9

*Nat'l Equip. Rental, Ltd. v. Fowler*, 287 F.2d 43 (2d Cir. 1961) ....................................... 5

*Ulico Cas. Co. v. Cox Mech. Contracting Inc.*, No. 04 Civ. 6185, 2007 U.S. Dist.
    LEXIS 57915 (S.D.N.Y. Aug., 2007)............................................................................ 9

*Vill. of Westfield v. Welch's*, 170 F.3d 116 (2d Cir. 1999)....................................... 8, 9, 10

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) ............................................................. 10

*Woodford v. Cmty. Action Agency of Green County, Inc.*, 239 F.3d 517 (2d Cir.
    2001) .................................................................................................................... 6, 7

## **Preliminary Statement**

The present motion is based upon a fundamentally flawed premise. According to defendant Clear Channel Broadcasting, Inc. ("CCBI"), there is another lawsuit between the parties pending in Texas to which this Court should give priority. But what CCBI fails to mention is that the Texas court lacks personal jurisdiction over Frequency, LLC ("Frequency")--i.e., plaintiff here and defendant there--and hence there is, in essence, no Texas suit for this Court to give priority to.[1]

Nor do any of CCBI's other arguments have merit. The first-filed rule is inapplicable and--even if it did apply--would not bar this suit. CCBI's reliance upon Colorado River is misplaced because there are no "exceptional circumstances" here that would support the Court's abstaining from its duty to exercise jurisdiction. For the same reasons, a stay of this case in favor of the lawsuit in Texas would be improper. Indeed, given the lack of personal jurisdiction over Frequency in Texas, this forum is probably the only one available for resolution of the parties' dispute. Consequently, the Court should deny CCBI's motion to dismiss or stay.

## **Statement of Facts**

This litigation arises out of a series of material breaches of contract by CCBI and CCBI's subsequent refusal to abide by the terms of the agreement to direct the return of Frequency's deposit. In an effort to forum shop, CCBI abruptly filed suit against Frequency and others in Bexar County, Texas, while the parties were in the midst

---

[1] Frequency (and the other defendants in Texas) have filed a "Special Appearance" and "Special Exceptions" challenging the Texas court's jurisdiction. CCBI has not yet responded. However, CCBI has raised no objection to personal jurisdiction in this Court.

of settlement negotiations.  But (as mentioned) Frequency is not subject to personal jurisdiction there, and, faced with a breakdown of negotiations, sought to vindicate its rights under the agreement by filing this lawsuit in a forum where jurisdiction does properly lie.

Frequency and CCBI (and several of CCBI's corporate affiliates) entered into an Asset Purchase Agreement, dated as of April 30, 2007 ("APA"), pursuant to which Frequency contracted to acquire certain radio stations and related assets for a price of $452,100,000.  Frequency is a limited liability company organized under the laws of Delaware with its principal place of business in New York.  CCBI is a corporation organized under the laws of Nevada with its principal place of business in Texas.  CCBI is licensed to do business in New York, and twenty of the 187 radio stations that CCBI was to transfer to Frequency under the APA are located in New York.

Subsequent to execution of the APA, Frequency discovered that CCBI had materially breached the contract by, among other things, providing Frequency with materially false financial statements and mismanaging the stations in question by operating them in a manner inconsistent with past practice and ordinary course of business.  Pursuant to the APA, Frequency provided notice to CCBI of those breaches and reserved its right to terminate the contract in accordance with its termination provisions.  CCBI responded by denying that it had breached and asserting breaches by Frequency.

The parties thereafter engaged in settlement discussions to see if they could resolve their dispute without litigation.  However, on Friday, August 17, 2007-- while the settlement negotiations were ongoing--CCBI (and the other Clear Channel

corporate affiliates named as "Seller" in the APA), in an obvious attempt to forum shop, precipitously filed suit against Frequency and others in Bexar County, Texas (the "Texas Action"). For several days, Clear Channel failed to serve any of the Texas defendants (including Frequency). Prior to being served in the Texas Action, Frequency filed its lawsuit in New York state court (the "New York Action") on Monday, August 20, 2007, and served CCBI that same day. Having been served in the New York Action, CCBI then rushed to serve Frequency in the Texas Action on August 21, 2007 (although Frequency and the other Texas defendants maintain that neither service on nor personal jurisdiction over them in Texas is proper). CCBI removed the New York Action to this Court on September 4, 2007.

## Argument

I.    NONE OF DEFENDANT'S ARGUMENTS FOR DISMISSAL OR A STAY HAS MERIT

    A.    Frequency Did Not Consent to Venue or Personal Jurisdiction in Bexar County, Texas.

CCBI's sole basis for asserting that Frequency is subject to personal jurisdiction in Texas is a November 30, 2006, Confidentiality Agreement which, CCBI argues, includes a forum selection provision by which Frequency supposedly consented to venue and personal jurisdiction in Bexar County, Texas. (See Memorandum of Law in Support of Defendant's Motion to Dismiss or Stay ("Def. Mem.") at 5.) CCBI is wrong.

First, the November 30, 2006, Confidentiality Agreement was not executed by Frequency but by a separate, distinct and wholly unaffiliated entity named DeanRadio.TV Inc. prior to the time that Frequency became actively involved in the acquisition. (See Def. Mem. Ex. 1 at ¶ 21.)

Second, the forum selection clause relates only to disputes involving the November 30, 2006, Confidentiality Agreement (indeed, it could not have extended to the APA because the APA was not signed for another five months)--and (even if Frequency were somehow bound by the clause through section 5.1 of the APA) the New York Action has nothing to do with alleged breaches of the November 30, 2006, Confidentiality Agreement.

Third, even if the forum selection clause did go beyond breaches of the November 30, 2006, Confidentiality Agreement (and it does not), the clause is "non-exclusive".  It does not require that lawsuits be brought in Bexar, County, Texas; it simply allows them to be brought there--which means that any assessment of whether this Court should abstain from exercising jurisdiction is governed by the Colorado River doctrine, and, as we show below (see § I.C), Colorado River strongly favors the Court's retention of jurisdiction.

B.    The First-Filed Rule Does Not Apply, and, in Any Event, the New York Action Was Filed First.

CCBI erroneously invokes the first-filed rule.  As an initial matter, it is well settled that the first-filed rule applies only to concurrent federal litigation and not to concurrent state/federal litigation.  It is, therefore, wholly inapplicable to this situation.  Although CCBI fails to point out this dispositive fact, it cannot conceal that all the cases it cites involve concurrent federal litigation.  In concurrent federal/state litigation, a federal court may abstain based only upon the standard first articulated in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976)--which, as we discuss below (see § I.C), weighs against abstention here.

-4-

In any event, even if the first-filed rule did apply (and it does not), the New York Action should be considered the first filed because the New York court obtained jurisdiction over the parties before the Texas court did. Frequency filed the New York Action on August 20, 2007, and served CCBI the same day. In contrast, CCBI did not serve Frequency in the Texas Action until August 21, 2007. Furthermore, although CCBI raises no objection to either service or jurisdiction here, the defendants in Texas hotly dispute personal jurisdiction there. "[T]he first court to obtain jurisdiction of the parties and of the issues should have priority over a second court to do so." Nat'l Equip. Rental, Ltd. v. Fowler, 287 F.2d 43, 45 (2d Cir. 1961).

C.     This Court Should Not Abstain under *Colorado River*.

The Colorado River doctrine strongly favors this Court's retention of jurisdiction. Under Colorado River, a federal court can abstain in favor of a pending state action only after assessing six factors: (1) whether one of the courts has assumed jurisdiction over a res; (2) the convenience of the federal forum; (3) avoidance of piecemeal litigation; (4) the order in which the actions were filed; (5) the law that provides the substantive rule of decision; and (6) protection of the federal plaintiff's rights. FDIC v. Four Star Holding Co., 178 F.3d 97, 101 (2d Cir. 1999). The Second Circuit has cautioned that "[a]bstention is an extraordinary and narrow exception to a federal court's duty to exercise its jurisdiction" and that the "Supreme Court has recognized that courts should abstain from the exercise of jurisdiction only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest". Id. (internal quotations omitted). Consequently, when the Court examines the Colorado River factors in a given case, the balance must be "heavily weighted in favor of jurisdiction". Id. The "facial neutrality of

-5-

a factor is a basis for retaining jurisdiction, not for yielding it". Woodford v. Cmty. Action Agency of Green County, Inc., 239 F.3d 517, 522-23 (2d Cir. 2001).

The first Colorado River factor--i.e., whether either court has assumed jurisdiction over a res--weighs in favor of this Court's retaining jurisdiction because neither court has assumed jurisdiction over a res. See Woodford, 239 F.3d at 523.

The second factor--i.e., whether either court is more convenient--also favors retention of jurisdiction. Frequency does not conduct any business in Texas and never has. It does not have a presence in Texas and never has. It does not have any employees in Texas and never has. In contrast (although CCBI fails to mention it), CCBI is licensed to conduct business in New York and actively does so. Indeed, as previously noted, twenty of the radio stations that CCBI contracted to sell to Frequency under the APA are located in New York. Nor does CCBI object to jurisdiction in this Court (while Frequency is challenging jurisdiction in Texas). With respect to witnesses and documents, Frequency has no witnesses or documents in Texas, but CCBI indisputably does have witnesses and documents in New York--including personnel and records relating to the twenty New York radio stations that were to be sold under the APA.

The third factor--i.e., the avoidance of piecemeal litigation--also weighs in favor of federal jurisdiction. As a threshold matter, there can be no risk of piecemeal litigation here because the Texas court lacks jurisdiction over Frequency. Moreover, the claims in the two actions do not completely overlap. Although both cases are based upon alleged breaches of the APA, Frequency's claims are different from, and in some ways broader than, CCBI's claims. Whereas the Texas Action challenges Frequency conduct

subsequent to execution of the APA, the New York Action is based upon CCBI conduct both before and after the contract was executed.[2]

The fourth factor--i.e., the order in which the lawsuits were filed--favors exercise of federal jurisdiction because (for the reasons discussed above) the New York Action should be considered filed first and will progress faster than the Texas Action. In Texas, no hearing date has been set for Frequency's motion to dismiss, no opposition of been filed and no judge has been assigned to hear argument on the motion. Until the motion is decided, there will be no progress in Texas on the substantive merits of the case. Here, in contrast, there has been motion practice and will soon be an exchange of Rule 26 material. Moreover, even if the two suits were at the same stage, that would make the fourth factor neutral--which would favor retaining jurisdiction. See Woodford, 239 F.3d at 522.

The fifth factor--i.e., the law providing the rule of decision--has little weight in this case and at most slightly favors abstention. Although Texas substantive law governs, it is basic and straightforward breach of contract law that this Court is familiar with and is equally able to understand and apply. "[A]though the presence of

---

[2] CCBI's assertion that avoidance of piecemeal litigation is the "most important factor" under Colorado River overstates the law and takes out of context fact-specific holdings in that case and other cases. The Supreme Court in Colorado River made it very clear that "[t]he mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction". Colorado River, 424 U.S. at 816. Avoidance of piecemeal litigation was important in Colorado River because there was a federal statute whose "primary policy" was avoidance of piecemeal litigation over water rights in river systems that flow through multiple states. No such federal statute or other similar federal policy exists here. That makes this case more like Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460, U.S. 1 (1983), where the Supreme Court recognized that refusing to abstain would result in duplicative litigation but refused to give that consequence much weight. Moses H. Cone, 460 U.S. at 20; see Law Ins. Co. Ltd. v. Corcoran, 807 F.2d 38, 41 (2d Cir. 1986) (finding that the district court had relied too heavily upon the avoidance of piecemeal litigation).

federal issues strongly advises exercising federal jurisdiction, the absence of federal
issues does not strongly advise dismissal, unless the state law issues are novel or
particularly complex."  Vill. of Westfield v. Welch's, 170 F.3d 116, 124 (2d Cir. 1999);
see also Bethlehem Contracting Co. v. Lehrer/McGovern, Inc., 800 F.2d 325, 328 (2d
Cir. 1986) ("State law provides the rule of decision in all diversity cases, and the source-
of-law factor has more influence when a federal rule of decision is involved; only in
some rare circumstances [may] the presence of state law issues . . . weigh in favor of . . .
surrender of federal jurisdiction.") (internal quotations omitted); Gonzalez v. Cruz, 926
F.2d 1, 5 (1st Cir. 1991) ("The mere fact that the outcome of the case is governed by state
law does not warrant dismissal--to hold otherwise would undermine the purpose and
reach of federal diversity jurisdiction.").

       The sixth factor--i.e., protection of the federal plaintiff's rights--weighs in
favor of retaining jurisdiction.  Frequency could vindicate its rights in Texas only by
waiving its jurisdictional challenge and asserting counterclaims.  See Elmendorf Grafica,
Inc. v. D.S. Am. (East), Inc., 48 F.3d 46, 53 (1st Cir. 1995) ("Given the fact that . . . it
was entirely uncertain whether the Illinois courts had jurisdiction over the person of the
defendant, the protection available to the parties' rights in Illinois was necessarily
problematic.").  That is something it should not be forced to do.  Even if the Texas court
could adequately protect Frequency's rights, the sixth factor "is consequential only when
the answer is negative and thus weighs in favor of federal jurisdiction".  Dunkin' Donuts
Franchised Rests. LLC v. Rijay Inc., 06 Civ. 8237, 2007 U.S. Dist. LEXIS 36614, at *25
(S.D.N.Y. May 16, 2007).

-8-

Assessing all six <u>Colorado River</u> factors with a balance that is "heavily weighted in favor of jurisdiction", this Court should clearly not abstain. Five of the factors strongly favor retention of jurisdiction and only one--<u>i.e.</u>, the fifth factor-- slightly favors abstention. As the Second Circuit has noted, "[o]ur task under <u>Colorado River</u> is not to determine whether there is some substantial reason for the exercise of federal jurisdiction; rather, we must ascertain whether there exist exceptional circumstances that justify the surrender of federal court jurisdiction." <u>Welch's</u>, 170 F.3d at 124. No such exceptional circumstances exist here.

     D.    <u>A Stay Based upon <i>Giulini v. Blessing</i> Would Be Inappropriate.</u>

CCBI argues that the Court should stay the New York Action despite the above <u>Colorado River</u> analysis. CCBI is wrong. The case upon which CCBI relies--<u>i.e.</u>, <u>Giulini v. Blessing,</u> 654 F.2d 189 (2d Cir. 1981)--was a state criminal prosecution to which <u>Colorado River</u> did not apply. Nothing that the Second Circuit said in <u>Giulini</u>--or in any case since then--would support a stay of a federal lawsuit when (as here) <u>Colorado River</u> requires retention of jurisdiction.

The Supreme Court has made clear that "a stay is as much a refusal to exercise federal jurisdiction as a dismissal". <u>Moses H. Cone</u>, 460 U.S. at 28. The <u>Colorado River</u> standard is what this Court must use to determine <u>both</u> whether to dismiss <u>and</u> whether to stay the New York Action. "It is beyond belief that this weighty obligation[, the exceptional-circumstances test,] can be escaped by a court that chooses not to exercise its jurisdiction but gives the label of 'stay' to what will in effect be a dismissal." <u>Inn Chu Trading Corp. v. Sara Lee Corp.</u>, 810 F. Supp. 501, 508 n.15 (S.D.N.Y. 1992); <u>see also</u> <u>Ulico Cas. Co. v. Cox Mech. Contracting Inc.</u>, No. 04 Civ. 6185, 2007 U.S. Dist. LEXIS 57915 (S.D.N.Y. Aug. 2., 2007) (the magistrate judge ruled

-9-

that he was "compelled to address the criteria for abstention" under Colorado River,

which he found supported a stay); Dunkin' Donuts, 2007 U.S. Dist. LEXIS 36614, at *14

n.15 ("[T]o the extent that courts in this circuit have declined to exercise jurisdiction over

claims seeking non-declaratory relief by dismissing or staying the action irrespective of

the Colorado River doctrine, we decline to follow them in light of Supreme Court

precedent."). Colorado River supports neither dismissal nor a stay in this case. (See §

I.C, supra.)

## II.    FREQUENCY'S DECLARATORY JUDGMENT CLAIMS ARE PROPER.

The Court should deny CCBI's request that it dismiss Frequency's

declaratory judgment claims. As already discussed, those claims are different from--and

broader than--CCBI's claims in Texas. Moreover, Frequency does not seek a declaration

that it did not breach the APA (which might be a mirror image of CCBI's breach of

contract action in Texas). Instead, Frequency seeks a declaration that: (a) CCBI is

obligated to direct the escrow agent to release the deposit to Frequency; and (b) CCBI's

remedy for any breach by Frequency of the APA is limited to, at most, recovery of the

deposit.

CCBI relies upon Wilton v. Seven Falls Co., 515 U.S. 277 (1995), for the

proposition that the Court has discretion to decline to hear a case seeking relief under the

Declaratory Judgment Act. However, where (as here) an action requests both declaratory

and non-declaratory relief, Wilton does not apply and a motion to dismiss must be judged

under the "exceptional circumstances" standard of Colorado River. Welch's, 170 F.3d at

125 n.5. For example, in Dunkin' Donuts, the court, faced with a complaint seeking

relief under the Declaratory Judgment Act as well as non-declaratory relief, declined to

dismiss any of the claims after finding that Colorado River did not support either

-10-

dismissal or a stay.  <u>Dunkin' Donuts</u>, 2007 U.S. Dist. LEXIS 36614, at *14.  Frequency

has asserted claims for both breach of contract and declaratory relief.  As discussed

above, CCBI has failed to demonstrate the "exceptional circumstances" that are required

by <u>Colorado River</u>.  Thus dismissal of the declaratory judgment claims would be

improper.

## **<u>Conclusion</u>**

For all the above reasons, this Court should deny CCBI's motion to

dismiss or stay.

Dated:  October 16, 2007

CRAVATH, SWAINE & MOORE LLP

by

/s/ Max R. Shulman
_____

Max R. Shulman
Michael T. Reynolds
Members of the Firm

825 Eighth Avenue
New York, NY 10019
(212) 474-1000

*Attorneys for plaintiff Frequency,*
*LLC*