# PART 1 OF 2

# OF

# EXHIBIT 1

**TO DECLARATION OF MELANIE G. COWART IN SUPPORT OF DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR STAY**

# EXHIBIT 1

RECEIVED

OCT _ 8 2007

AKIN GUMP STRAUSS HAUER & FELD

CAUSE NO. 2007 CI 12493

| | |
|---|---|
| CLEAR CHANNEL BROADCASTING, INC., §<br>CLEAR CHANNEL BROADCASTING §<br>LICENSES, INC., CC LICENSES, LLC, §<br>CAPSTAR RADIO OPERATING COMPANY,§<br>CAPSTAR TX LIMITED PARTNERSHIP, §<br>AMFM RADIO LICENSES, LLC, §<br>CITICASTERS CO., CITICASTERS §<br>LICENSES, L.P. and JACOR §<br>BROADCASTING CORPORATION §<br> §<br>    Plaintiffs, §<br> §<br>v. §<br>FREQUENCY, LLC §<br>(f/k/a GOODRADIO.TV, LLC), §<br>FREQUENCY LICENSE, LLC §<br>(f/k/a GOODRADIO.TV LICENSE, LLC), §<br>AMERICAN SECURITIES CAPITAL §<br>PARTNERS, LLC and JEFFREY D. §<br>WARSHAW §<br>    Defendants. § | IN THE DISTRICT COURT OF<br><br>RECEIVED<br><br>OCT _ 8 2007<br><br>AKIN GUMP STRAUSS HAUER & FELD<br><br>BEXAR COUNTY, TEXAS<br><br><br>288th JUDICIAL DISTRICT |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER
## AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Subject to their special appearance, Defendants Frequency, LLC (f/k/a GoodRadio.TV,

LLC) ("Frequency"), Frequency License, LLC (f/k/a GoodRadio.TV License, LLC) ("Frequency

License"), American Securities Capital Partners, LLC ("ASCP") and Jeffrey D. Warshaw

("Warshaw") (collectively "Defendants") move for protection and in support respectfully show

the Court as follows:

### INTRODUCTION

On September 10, 2007, Defendants filed a Special Appearance and, Subject Thereto,

Special Exceptions and Original Answer ("Special Appearance"). Defendants established in

their Special Appearance that none of them are residents of Texas and they had no specific or

RECEIVED

OCT 1 8 2007

AKIN GUMP STRAUSS HAUER & FELD

general contacts with Texas that would subject them to jurisdiction in Texas. None of the assets subject to the Asset Purchase Agreement ("APA") at issue here is located in Texas, no act contemplated by the APA was required to be performed in Texas, none of the Defendants traveled to Texas in connection with the negotiation, due diligence[1] or execution of APA, and only one Defendant – Frequency – is a party to the APA. Defendants therefore moved for dismissal based on this lack of personal jurisdiction.

Plaintiffs have not responded to Defendants' Special Appearance. Instead, they immediately served 59 pages of discovery on Defendants, seeking four depositions and dozens of categories of documents. Plaintiffs' Notice of Intention to Take the Oral and Videotaped Deposition and First Request for Production for all four defendants ("Plaintiffs' Discovery"), served on Friday, September 14, 2007, is attached as Exhibit A. These notices scheduled the oral and videotaped depositions of Defendants as follows:

| | |
|---|---|
| ASCP | October 23, 2007, 9:30am, San Antonio |
| Frequency License | October 23, 2007, 2:00pm, San Antonio |
| Frequency | October 24, 2007, 9:30am, San Antonio |
| Warshaw | October 24, 2007, 2:00pm, San Antonio |

Plaintiffs' Discovery is not limited to the jurisdictional issues raised in the Special Appearance. Rather, Plaintiffs seek far-ranging discovery into the merits of their claims and Defendants' defenses. The majority of this discovery is premature and unnecessary at this time. A dispositive threshold issue exists – whether this Court has personal jurisdiction over each Defendant – which should be resolved before the parties engage in what will likely be costly and extensive discovery on the merits of the dispute. Defendants thus ask the Court to exercise its

---

[1] Plaintiffs allege in a related matter that an accounting firm hired by Frequency – Crowe & Chizek – made one trip to Texas to meet with a Clear Channel accountant. Defendants do not dispute that Crowe & Chizek made such a trip for purposes of this motion.

inherent power under Rule 192.6(b) of the Texas Rules of Civil Procedure to "make any order in the interest of justice" and order that "(1) the requested discovery not be sought in whole or in part" and "(2) the extent or subject matter of discovery be limited" to the threshold issue of personal jurisdiction. TEX.R.CIV.P. 192.6(b) (1-2).

## ARGUMENTS AND AUTHORITIES

### I.    This Court Has the Authority to Limit Initial Discovery

A protective order limiting the scope of initial discovery is appropriate here and within the Court's discretion. *See* TEX.R.CIV.P. 190.5 ("The court may modify a discovery control plan at any time and must do so when the interest of justice requires").  When discovery proceeds under Level 3, as Plaintiffs propose here, Rules 190.4(b) (2) and 192.6 provide this Court with great discretion to construct a discovery plan that is case specific.  The policy in Texas is to make the discovery process as efficient as possible without sacrificing a just result. *See* TEX.R.CIV.P. 1; *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 180 (Tex. 1999).  A court may limit discovery through the issuance of a protective order to "protect the movant from undue burden, unnecessary expense, harassment, annoyance or invasion of personal, constitutional, or property rights," *Alford*, 997 S.W.2d at 180; TEX.R.CIV.P. 192.6(b). It is also within a trial court's discretion to "limit discovery pending resolution of threshold issues," *Alford*, 997 S.W.2d at 181.  Engaging in far-reaching discovery where resolution of jurisdiction—the threshold issue in this case—may dispose of the case is unreasonable as it merely inflicts unnecessary expense.

### II.    Bifurcation of Discovery Pursuant to *Alford*

In *Alford*, the Texas Supreme Court made clear that a trial court has wide discretion to "limit discovery pending resolution of threshold issues like venue, *jurisdiction*, forum non conveniens, and official immunity." *Alford*, 997 S.W.2d at 181 (emphasis added).  This can be accomplished by bifurcating discovery such that initial discovery focuses on the jurisdictional

issue and the remaining discovery regarding the merits of the dispute is stayed pending resolution of the jurisdictional issue.

The propriety of bifurcating discovery is a case specific inquiry. *Alford*, 997 S.W.2d at 182. Factors relevant to the scope of discovery include "the importance, benefit, burden, expense, and time needed to produce the proposed discovery." *Alford*, 997 S.W.2d at 182. Bifurcated discovery is appropriate in order to facilitate the resolution of a threshold issue if two conditions exist: (1) the threshold issue must be clearly separable from the merits of the case, and (2) bifurcation must serve a constructive purpose. *See id.* at 182-183.

Here, there is a clear distinction between the information needed for this Court to determine its jurisdiction over Defendants and the information necessary to resolve the merits of this case. To establish the Court's lack of personal jurisdiction, Defendants must negate all grounds for personal jurisdiction alleged in Plaintiffs' petition. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 793 (Tex. 2002). Defendants have conclusively rebutted through affidavit testimony Plaintiffs' allegation that Defendants "engage[d] in business in Texas." *See* Special Appearance at 16. Plaintiffs' only other basis for asserting personal jurisdiction over Defendants is the allegation that a forum selection clause in another agreement was assumed by some (but not all) of the Defendants in Section 5.1 of the APA. Discovery on these jurisdictional issues – Defendants' contacts with Texas (or more properly the lack thereof) and the interpretation of the Section 5.1 of the APA – can be cleanly separated from the underlying merits of this dispute.

The second prong of *Alford* requires that bifurcated discovery serve a constructive purpose. Such a purpose is served here. Complying with discovery exacts considerable costs from the parties, particularly from the party responding to the discovery requests. Indeed, the

costs are often so burdensome that "discovery is not only a tool for uncovering facts essential to accurate adjudication, but also a weapon capable of imposing large and unjustifiable costs on one's adversary." *Alford*, 997 S.W.2d at 180 (quotation omitted). Moreover, "[b]ecause the costs of compliance are usually borne solely by the replying party, a requesting party improves its bargaining position by maximizing those costs." *Id.* The burden imposed by discovery is becoming so great that "[t]he civil litigation system is pricing itself out of the dispute resolution market." *Id.* at 193 (Hecht, J., concurring in part and dissenting in part). Hence, "[w]hen resolution of a threshold issue . . . may significantly simplify or foreclose claims made in a lawsuit, to save the parties undue burden the court should initially restrict discovery to that issue if it is feasible, fair, and efficient to do so." *Id.* at 189.

Discovery on the merits of the dispute, as contemplated by Plaintiffs' Discovery, will require production of all documents related to the negotiation, evaluation, and due diligence of a multi-hundred million dollar transaction. These documents will take months to collect, review, and produce, and given the active involvement of legal counsel in the negotiations, a detailed privilege review will be required. Bifurcating discovery will allow the parties to focus initially on the jurisdictional issues. Defendants stand ready to produce documents related to the jurisdictional issues within a reasonable time period, including documents related to:

a) The organizational structure of Defendants during the relevant time period;

b) Defendants' general contacts with Texas during the relevant time period;

c) Defendants' communications with Plaintiffs while Plaintiffs were in Texas;

d) Defendants' travel in connection with the APA; and,

e) Any due diligence, negotiations, or other conduct by Defendants related to the APA that occurred in Texas.

Defendants can also prepare and produce corporate representatives and Mr. Warshaw to provide deposition testimony on the same issues within 45 days of being ordered to do so by the Court. Bifurcating discovery will thus serve the constructive purpose of furthering judicial economy by quickly and expressly resolving the jurisdictional issue.

Plaintiffs' Discovery far exceeds these jurisdictional topics, calling for documents and testimony falling into eleven categories: (1) the APA and related transactional documents[2]; (2) the value of the Radio Stations[3]; (3) due diligence[4]; (4) affidavit testimony provided in support of Defendants' Special Appearance[5]; (5) organizational and party information[6]; (6) consultants and experts[7]; (7) communications among Defendants related to the transactions[8]; (8) communications with Plaintiffs regarding the transactions[9]; (9) communications with non-parties related to the

---

[2] *See, e.g.*, Request for Production to Frequency License No. 6, 13; Request for Production to Frequency No. 5, 7, 13; Request for Production to ASCP No. 5, 7, 13; Request for Production to Warshaw No. 9; Frequency Notice of Deposition Subject Designation No. 5, 7; Frequency License Notice of Deposition Subject Designation No. 6, 8; ASCP Notice of Deposition Subject Designation No. 5.

[3] *See, e.g.*, Request for Production to Frequency License No. 9, 11; Request for Production to Frequency No. 10, 11, 27, 28; Request for Production to ASCP No. 10, 11; Request for Production to Warshaw No. 5, 6; Frequency Notice of Deposition Subject Designation No. 9, 10, 12; Frequency License Notice of Deposition Subject Designation No. 9, 10; ASCP Notice of Deposition Subject Designation No. 6-9.

[4] *See, e.g.*, Request for Production to Frequency License No. 3, 4, 5, 7, 14; Request for Production to Frequency No. 2, 3, 4, 6, 14; Request for Production to ASCP No. 2, 3, 4, 14; Request for Production to Warshaw No. 10; Frequency Notice of Deposition Subject Designation No. 8; Frequency License Notice of Deposition Subject Designation No. 9; ASCP Notice of Deposition Subject Designation No. 6.

[5] *See, e.g.*, Frequency Notice of Deposition Subject Designation No. 3; Frequency License Notice of Deposition Subject Designation No. 4; ASCP Notice of Deposition Subject Designation No. 3.

[6] *See, e.g.*, Request for Production to Frequency License No. 1, 2, 10, 16; Request for Production to Frequency No. 1, 9, 16; Request for Production to ASCP No. 1, 7, 9, 16; Request for Production to Warshaw No. 2, 3, 7, 12; Frequency Notice of Deposition Subject Designation No. 1, 2; Frequency License Notice of Deposition Subject Designation No. 1, 2, 3; ASCP Notice of Deposition Subject Designation No. 1, 2.

[7] *See, e.g.*, Request for Production to Frequency License No. 7, 17, 20; Request for Production to Frequency No. 2, 6, 17, 20; Request for Production to ASCP No. 2, 6, 17, 20; Request for Production to Warshaw No. 1, 15, 18.

[8] *See, e.g.*, Request for Production to Frequency License No. 8, 9; Request for Production to Frequency No. 8; Request for Production to ASCP No. 8; Request for Production to Warshaw No. 1; Frequency Notice of Deposition Subject Designation No. 5, 6, 7, 8; ASCP Notice of Deposition Subject Designation No. 4, 5, 7, 8, 10.

[9] *See, e.g.*, Request for Production to Frequency License No. 9; Request for Production to Frequency No. 8; Request for Production to ASCP No. 8; Request for Production to Warshaw No. 4; Frequency Notice of Deposition Subject Designation No. 4, 5, 6, 7; Frequency License Notice of Deposition Subject Designation No. 5, 6, 7, 8, 9; ASCP Notice of Deposition Subject Designation No. 4, 5 ,7, 8, 10.

transactions[10]; (10) Defendants' contentions that Plaintiffs breached the APA[11]; and (11) Defendants' trial and settlement strategies.[12]    The items requested, taken together, are overly broad and pertain in part to information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence related to the threshold jurisdictional issues present here. Of these eleven categories, only categories (3), (4), and (8) have any arguable relation to the jurisdictional issues.

This case meets all the discovery bifurcation requirements outlined in *Alford*.  For these reasons, discovery should be restricted to jurisdiction pending resolution of Defendants' Special Appearance.

### CONCLUSION & PRAYER

Plaintiffs' discovery requests are premature, overbroad and impose an undue burden on the Defendants until the jurisdictional issue is resolved.    While Defendants acknowledge Plaintiffs' right to engage in discovery, it is not in the interest of judicial economy to embark on extensive discovery while the Special Appearance is pending.  Resolving the jurisdictional issues has the potential to completely dispose of this case. Therefore, the scope of Plaintiffs' discovery is unduly burdensome and wholly unnecessary at this time.  For all of the foregoing reasons, Defendants respectfully request that the Court bifurcate discovery, limiting the initial phase of discovery to the issue of personal jurisdiction until the issue of this Court's jurisdiction is resolved.

---

[10] *See, e.g.*, Request for Production to Frequency License No. 22, 24; Request for Production to Frequency No. 22, 24; Request for Production to ASCP No. 22, 24; Request for Production to Warshaw No. 20, 22.

[11] *See, e.g.*, Request for Production to Frequency License No. 12; Request for Production to Frequency No. 12, 27-34; Request for Production to ASCP No. 12; Request for Production to Warshaw No. 8; Frequency Notice of Deposition Subject Designation No. 10-18;  Frequency License Notice of Deposition Subject Designation No. 6, 8; ASCP Notice of Deposition Subject Designation No. 5, 9, 10.

[12] *See, e.g.*, Request for Production to Frequency License No. 17-21, 23, 25, 26; Request for Production to Frequency No. 17-21, 23, 25, 26; Request for Production to ASCP No. 17-21, 23, 25, 26; Request for Production to Warshaw No. 16-19, 21, 23, 24.

Respectfully submitted,

Emerson Banack, Jr.
State Bar No.01667000
Langley & Banack, Inc.
Suite 900, Trinity Plaza II
745 East Mulberry
San Antonio, TX 78212-3166
ebanack@langleybanack.com
Tel: (210) 736-6600
Fax: (210) 735-6889

Karl S. Stern
Texas Bar No. 19175665
kstern@velaw.com
Jeffrey S. Johnston
Texas Bar No. 24002368
jjohnston@velaw.com
Jennifer H. Davidow
Texas Bar No. 24028268
jdavidow@velaw.com
VINSON & ELKINS L.L.P.
2500 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760
Tel: (713) 758-2222
Fax: (713) 758-2346


Max Shulman
mshulman@cravath.com
Michael Reynolds
mreynolds@cravath.com
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

Counsel for Defendants

8

## CERTIFICATE OF SERVICE

I do hereby certify that, on the 16th day of October, 2007, I caused the foregoing document to be served to the following attorney(s) for Plaintiffs via certified mail, return receipt requested:

R. Laurence Macon
Akin Gump Straus Hauer & Feld L.L.P.
300 Convent Street, Suite 1600
San Antonio, Texas 78205
lmacon@akingump.com

Emerson Banack, Jr.

## CERTIFICATE OF CONFERENCE

This is to certify that I conferred with counsel for plaintiffs, R. Laurence Macon, on October 16, 2007, about the relief sought in this motion. We were unable to reach agreement.

Emerson Banack, Jr.

9

# AKIN GUMP
# STRAUSS HAUER & FELD LLP
### ▬▬▬▬▬▬ Attorneys at Law

## FAX TRANSMISSION

### September 14, 2007

| To | Company | Fax | Phone |
|---|---|---|---|
| Emerson Banack, Jr. | LANGLEY & BANACK, INC. | (210) 735-6889 | (210) 736-6600 |
| Karl S. Stern<br>Jeffrey S. Johnston<br>Jennifer H. Davidow | VINSON & ELKINS, LLP | (713) 758-2346 | (713) 758-2222 |
| Max R. Shulman<br>Michael T. Reynolds | CRAVATH, SWAINE & MOORE, LLP | (212) 474-3700 | (212) 474-1000 |

**From:**  R. Laurence Macon

**Total Pages:**  — · 61

**Direct Dial:**  210.281.7222

**Re:**  Cause No. 2007-CI-12493; Clear Channel Broadcasting, Inc. *et al.* v. Frequency, LLC f/k/a GoodRadio.TV, LLC *et al.*, 288th District Court, Bexar County, Texas

**Message:  Please see attached.  Thank you.**

---

900576.0185/007139

Floor:  SA-1575

☐ Return fax via Interoffice Mail

Sender's email: lmacon@akingump.com

Secretary: Sabrina C. Heary

☐ Hold fax for pickup

Sender's fax: 210.224.2035

Ext: 47014

Fax Operation Verification: _____

---

The information contained in this facsimile message is attorney-client privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us by mail at the address below.



**EXHIBIT**

*A*

300 Convent Street, Suite 1500 / San Antonio, Texas 78205-3732 / 210.281.7000 / fax: 210.224.2035 / akingump.com
900576.0185 WEST 6139942 v1

# AKIN GUMP
# STRAUSS HAUER & FELDLLP
━━━━━━━━━━━ Attorneys at Law

**R. LAURENCE MACON**
210.281.7222/fax: 210.224.2035
lmacon@akingump.com

September 14, 2007

Emerson Banack, Jr.                                 *VIA FACSIMILE*
Langley & Banack, Inc.
Suite 900, Trinity Plaza II
745 East Mulberry, Suite 900
San Antonio, Texas 78212

Re:    Cause No. 2007-CI-12493; Clear Channel Broadcasting, Inc. *et al.* v. Frequency, LLC
       f/k/a GoodRadio.TV, LLC *et al.*, 288th District Court, Bexar County, Texas

Dear Buddy:

        Enclosed are copies of Plaintiffs' Notices of Intention to Take Oral Depositions of
American Securities Capital Partners, LLC, Frequency License, LLC, Frequency, LLC and
Jeffrey Warshaw.   The dates in the notices are not firm.  We will work with you to find dates
that are convenient for the witnesses and all the attorneys.

        In addition, we are enclosing copies of Clear Channel Broadcasting, Inc.'s First Request
for Production of Documents to American Securities Capital Partners; LLC, Frequency License,
LLC, Frequency, LLC and Jeffrey Warshaw.

                                        Sincerely,

                                        R. Laurence Macon

                                        R. Laurence Macon

MGC/LQC

cc     Karl S. Stern, Jeffrey S. Johnston, Jennifer H. Davidow, w/encl. (via facsimile)
       Max Shulman, Michael T. Reynolds, w/encl. (via facsimile)

CAUSE NO. 2007-CI-12493

| | | |
|---|---|---|
| CLEAR CHANNEL BROADCASTING, INC., et al. | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § § | |
| V. | § § | 288th JUDICIAL DISTRICT |
| FREQUENCY, LLC (f/k/a GOODRADIO.TV, LLC), FREQUENCY LICENSE, LLC, (f/k/a GOODRADIO.TV LICENSE, LLC), AMERICAN SECURITIES CAPITAL PARTNERS, LLC AND JEFFREY D. WARSHAW | § § § § § § § § | |
| Defendants. | § § | BEXAR COUNTY, TEXAS |

PLAINTIFFS' NOTICE OF INTENTION TO TAKE THE ORAL AND
VIDEOTAPED DEPOSITION OF AMERICAN SECURITIES CAPITAL
PARTNERS, LLC

TO:  Defendant American Securities Capital Partners, LLC
     by and through its attorney of record
     Emerson Banack, Jr.
     Langley & Banack, Inc.
     Suite 900, Trinity Plaza II
     745 East Mulberry
     San Antonio, Texas 78212-3166

Please take notice that Plaintiffs Clear Channel Broadcasting, Inc., Clear Channel

Broadcasting Licenses, Inc., CC Licenses, LLC, Capstar Radio Operating Co., Capstar TX

Limited Partnership, AMFM Radio Licenses, LLC, Citicasters Co., Citicasters Licenses, L.P. and

Jacor Broadcasting Corporation (collectively "Plaintiffs") will take the oral and videotaped

deposition of **American Securities Capital Partners, LLC** through its designated

representative(s) appointed pursuant to Rule 199.2(b)(1) of the Texas Rules of Civil Procedure

beginning at 9:30 a.m. on October 23, 2007 at the offices of Akin Gump Strauss Hauer & Feld, L.L.P., 300 Convent Street, Suite 1600, San Antonio, Texas 78205. The designated corporate representative(s) will be required to testify on behalf of American Securities Capital Partners, LLC with respect to the matters identified in Exhibit A to this deposition notice.

The deposition will continue from day to day until completed. The stenographic recording will be conducted before a notary public or other officer authorized by law to take depositions in the State of Texas.

**AKIN GUMP STRAUSS HAUER & FELD LLP**
300 Convent Street, Suite 1600
San Antonio, Texas 78205-3732
Telephone: 210.281.7000
Facsimile: 210.224.2035

R. Laurence Macon

R. Laurence Macon
State Bar No. 12787500
lmacon@akingump.com

**ATTORNEY FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via facsimile to the following:

Emerson Banack, Jr.
Langley & Banack, Inc.
Suite 900, Trinity Plaza II
745 East Mulberry, Suite 900
San Antonio, Texas 78212

Karl S. Stern
Jeffrey S. Johnston
Jennifer H. Davidow
Vinson &
Elkins, L.L.P.
2500 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760

Max Shulman
Michael T. Reynolds
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475

on September 14, 2007.

R. *Laurence Macon*

_____
R. Laurence Macon

## Exhibit A

### I.    Definitions

As used herein, certain words and terms have specifically defined meanings.   Those

words and terms are defined as follows:

a.    The term **"You"** means American Securities Capital Partners, LLC and where applicable, its agents, representatives, officers, directors, employees, partners, corporate agents, parent, subsidiaries, related entities or affiliates or any person acting in concert with it or under its control whether directly or indirectly, including any attorney.

b.    The term **"Communication"** means any oral or written transmittal of information (in the form of facts, ideas, inquiries, or otherwise) of which you have knowledge, information or belief.

c.    The term **"Document"** means all written, typed or printed matters, and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action.

d.    The term **"Possession. Custody, or Control"** of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

e.    The term **"concerning"** means, in whole or in part, directly or indirectly relating to, referring to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, evidencing or constituting.

f.    The terms **"relating to"** or **"relates to"** mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject mater identified in the discovery request.

g.    The term **"person"** means natural person, corporation, firm, association, partnership, sole proprietorship, joint venture, governmental body, or any other organization, business or legal entity, and all predecessors or successors in interest.

h.    The following rules of construction apply to all discovery requests:

    (i)    <u>All/Each.</u>  The terms **"all"** and **"each"** shall be construed as "and," "each," and "and/or."

    (ii)    <u>Any.</u>  The term **"any"** should be understood in either its mot or least inclusive sense as necessary to bring within the scope of the discovery request all responses

that might otherwise be construed to be outside of its scope.

(iii)   <u>And/Or</u>. The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed as outside of its scope.

(iv)   <u>Number</u>. The use of the singular form of any word includes the plural and vice versa.

i.     The term "**Clear Channel**" means Clear Channel Broadcasting, Inc., Clear Channel Broadcasting Licenses, Inc., CC Licenses, LLC, Capstar Radio Operating Co., Capstar TX Limited Partnership, AMFM Radio Licenses, LLC, Citicasters Co., Citicasters Licenses, L.P. and Jacor Broadcasting Corporation and its affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

j.     The term "**GoodRadio**" means GoodRadio.TV, LLC and GoodRadio.TV License, LLC and their affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

k.     The term "**Frequency**" means Frequency, LLC and its affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

l.     The term "**Frequency License**" means Frequency License, LLC and its affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

m.     The term "**ASCP**" means American Securities Capital Partners, LLC and its affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

n.     The term "**Warshaw**" means Defendant Jeffrey D. Warshaw.

o.     The term "**APA**" means the April 30, 2007 Asset Purchase Agreement appearing as Exhibit A to *Plaintiffs' Original Petition* and Exhibit 1 to the *Affidavit of Paul Kasper for Frequency, LLC* in the lawsuit styled *Clear Channel Broadcasting, Inc., et al. v. Frequency LLC, et al.*, Cause No. 2007-CI-12493, in the 288th District Court, Bexar County, Texas.

p.     The terms **"Clear Channel Radio Stations"** or **"Radio Stations"** mean the radio stations and related assets that Frequency contracted to purchase from Clear Channel pursuant to the APA.

**II.    Subject Matter of the Deposition**

1.     The relationship between ASCP and: (1) GoodRadio; (2) Frequency; (3) Frequency License; and (4) Jeffrey Warshaw.

2.     The nature of ASCP's business and its organizational structure.

3.     The contents of the *Affidavit of Glenn Kaufman for American Securities Capital Partners, LLC* attached as Exhibit C to *Defendants' Special Appearance and, Subject Thereto, Special Exceptions and Original Answer*

4.     Communications by and between ASCP and GoodRadio, Clear Channel, Frequency, Frequency License and/or Warshaw between January 1, 2006 and the present concerning the Clear Channel Radio Stations

5.     Communications by and between ASCP and GoodRadio, Clear Channel, Frequency, Frequency License and/or Warshaw concerning the APA, including but not limited to communications regarding the preparation and negotiation of the APA, as well as any alleged breach or default of the APA

6.     Due diligence performed by ASCP in connection with Frequency's purchase of the Clear Channel Radio Stations, including but not limited to the names of the persons who participated in the due diligence, the documents reviewed, all communications with persons employed by or representing Clear Channel, and all calculations performed by ASCP concerning the value of the radio stations

7.     Communications by and between ASCP and GoodRadio, Frequency, Frequency License, Warshaw and/or Clear Channel concerning the value of the Clear Channel Radio Stations prior to April 30, 2007

8.     Communications by and between ASCP and GoodRadio, Frequency, Frequency License, Warshaw and/or Clear Channel since April 30, 2007 concerning the value of the Clear Channel Radio Stations

9.     The basis for any contention by ASCP that the Radio Stations have declined in value since April 30, 2007

10.    Communications by and between ASCP and GoodRadio, Frequency, Frequency License, Warshaw, and/or Clear Channel concerning Frequency's refusal to pay the APA price of $452,100,000 for the Clear Channel Radio Stations

09/14/2007 12:27 FAX 210 224 2035        AKIN GUMP III                                    ☒009

CAUSE NO. 2007-CI-12493

| | | |
|---|---|---|
| CLEAR CHANNEL BROADCASTING, INC., et al. | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | 288th JUDICIAL DISTRICT |
| | § | |
| FREQUENCY, LLC | § | |
| (f/k/a GOODRADIO.TV, LLC), | § | |
| FREQUENCY LICENSE, LLC, | § | |
| (f/k/a GOODRADIO.TV LICENSE, LLC), | § | |
| AMERICAN SECURITIES CAPITAL | § | |
| PARTNERS, LLC AND JEFFREY D. | § | |
| WARSHAW | § | |
| | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

---

### PLAINTIFFS' NOTICE OF INTENTION TO TAKE THE ORAL AND VIDEOTAPED DEPOSITION OF FREQUENCY LICENSE, LLC

---

TO:    Defendant Frequency License, LLC
by and through its attorney of record
Emerson Banack, Jr.
Langley & Banack, Inc.
Suite 900, Trinity Plaza II
745 East Mulberry
San Antonio, Texas 78212-3166

Please take notice that Plaintiffs Clear Channel Broadcasting, Inc., Clear Channel Broadcasting Licenses, Inc., CC Licenses, LLC, Capstar Radio Operating Co., Capstar TX Limited Partnership, AMFM Radio Licenses, LLC, Citicasters Co., Citicasters Licenses, L.P. and Jacor Broadcasting Corporation (collectively "Plaintiffs") will take the oral and videotaped deposition of Frequency License, LLC through its designated representative(s) appointed pursuant to Rule 199.2(b)(1) of the Texas Rules of Civil Procedure beginning at 2:00 p.m. on October 23, 2007 at the offices of Akin Gump Strauss Hauer & Feld, L.L.P., 300 Convent Street,

Suite 1600, San Antonio, Texas 78205. The designated corporate representative(s) will be required to testify on behalf of Frequency License, LLC with respect to the matters identified in Exhibit A to this deposition notice.

The deposition will continue from day to day until completed. The stenographic recording will be conducted before a notary public or other officer authorized by law to take depositions in the State of Texas.

AKIN GUMP STRAUSS HAUER & FELD LLP
300 Convent Street, Suite 1600
San Antonio, Texas 78205-3732
Telephone: 210.281.7000
Facsimile: 210.224.2035

R. Laurence Macon
State Bar No. 12787500
lmacon@akingump.com

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via facsimile to the following:

Emerson Banack, Jr.
Langley & Banack, Inc.
Suite 900, Trinity Plaza II
745 East Mulberry, Suite 900
San Antonio, Texas 78212

Karl S. Stern
Jeffrey S. Johnston
Jennifer H. Davidow
Vinson &
Elkins, L.L.P.
2500 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760

Max Shulman
Michael T. Reynolds
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475

on the September 14, 2007.

R. Laurence Macon

## Exhibit A

### I.    Definitions

As used herein, certain words and terms have specifically defined meanings.  Those

words and terms are defined as follows:

a.    The term **"You"** means Frequency License, LLC and where applicable, its agents, representatives, officers, directors, employees, partners, corporate agents, parent, subsidiaries, related entities or affiliates or any person acting in concert with it or under its control whether directly or indirectly, including any attorney.

b.    The term **"Communication"** means any oral or written transmittal of information (in the form of facts, ideas, inquiries, or otherwise) of which you have knowledge, information or belief.

· c.    The term **"Document"** means all written, typed or printed matters, and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action.

d.    The term **"Possession. Custody, or Control"** of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

e.    The term **"concerning"** means, in whole or in part, directly or indirectly relating to, referring to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, evidencing or constituting.

f.    The terms **"relating to"** or **"relates to"** mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject mater identified in the discovery request.

g.    The term **"person"** means natural person, corporation, firm, association, partnership, sole proprietorship, joint venture, governmental body, or any other organization, business or legal entity, and all predecessors or successors in interest.

h.    The following rules of construction apply to all discovery requests:

   (i)    <u>All/Each</u>.  The terms **"all"** and **"each"** shall be construed as "and," "each," and "and/or."

   (ii)    <u>Any</u>.  The term **"any"** should be understood in either its mot or least inclusive sense as necessary to bring within the scope of the discovery request all responses

that might otherwise be construed to be outside of its scope.

(iii)   And/Or. The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed as outside of its scope.

(iv)   Number. The use of the singular form of any word includes the plural and vice versa

i.     The term "**Clear Channel**" means Clear Channel Broadcasting, Inc., Clear Channel Broadcasting Licenses, Inc., CC Licenses, LLC, Capstar Radio Operating Co., Capstar TX Limited Partnership, AMFM Radio Licenses, LLC, Citicasters Co., Citicasters Licenses, L.P. and Jacor Broadcasting Corporation and its affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

j.     The term "**GoodRadio**" means GoodRadio.TV, LLC and GoodRadio.TV License, LLC and their affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

k.     The term "**Frequency**" means Frequency, LLC and its affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

l.     The term "**Frequency License**" means Frequency License, LLC and its affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

m.     The term "**ASCP**" means American Securities Capital Partners, LLC and its affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

n.     The term "**Warshaw**" means Defendant Jeffrey D. Warshaw.

o.     The term "**APA**" means the April 30, 2007 Asset Purchase Agreement appearing as Exhibit A to *Plaintiffs' Original Petition* and Exhibit 1 to the *Affidavit of Paul Kasper for Frequency. LLC* in the lawsuit styled *Clear Channel Broadcasting, Inc., et al. v. Frequency LLC, et al.*, Cause No. 2007-CI-12493, in the 288th District Court, Bexar County, Texas.

p.  The terms "**Clear Channel Radio Stations**" or "**Radio Stations**" mean the radio stations and related assets that Frequency contracted to purchase from Clear Channel pursuant to the APA.

## II.  Subject Matter Of Deposition

1.  The relationship between Frequency License and: (1) GoodRadio; (2) ASCP; (3) Frequency; and (4) Jeffrey Warshaw.

2.  The name change of GoodRadio.TV License, LLC.

3.  The nature of Frequency License's business and its organizational structure.

4.  The contents of the *Affidavit of Paul Kasper for Frequency License, LLC* attached as Exhibit B to *Defendants' Special Appearance and, Subject Thereto, Special Exceptions and Original Answer*.

5.  Communications concerning the purchase of the Clear Channel Radio Stations by and between Frequency License and: (1) GoodRadio; (2) Clear Channel; (3) ASCP; (4) Frequency; and (5) Warshaw.

6.  Communications by and between Frequency License and GoodRadio, Clear Channel, Frequency, ASCP, and/or Warshaw concerning the APA, including but not limited to communications regarding the preparation and negotiation of the APA, as well as any alleged breach or default of the APA.

7.  Communications concerning the purchase of the Clear Channel Radio Stations by and between GoodRadio, LLC and Clear Channel, ASCP, and/or Warshaw.

8.  Communications by and between Frequency License and GoodRadio, Clear Channel, ASCP, Frequency and/or Warshaw concerning the APA, including but not limited to communications regarding the preparation and negotiation of the APA, as well as any alleged breach or default of the APA.

9.  The due diligence performed by GoodRadio and/or Frequency License in connection with the purchase of the Clear Channel Radio Stations, including but not limited to the names of the persons who participated in the due diligence process on behalf of GoodRadio and/or Frequency, the documents reviewed, all communications with persons employed by or representing Clear Channel, and all calculations performed by GoodRadio and/or Frequency concerning the value of the radio stations and the amount GoodRadio and/or Frequency were willing to pay for the radio stations.

10.  Communications by and between Frequency License and GoodRadio; ASCP; Warshaw and/or Clear Channel concerning the value of the Clear Channel Radio Stations.

09/14/2007 12:29 FAX 210 224 2035        AKIN GUMP III                                ☒015

CAUSE NO. 2007-CI-12493

| | | |
|---|---|---|
| CLEAR CHANNEL BROADCASTING, INC.,<br>et al. | §<br>§<br>§ | IN THE DISTRICT COURT |
| | § | |
| **Plaintiffs,** | §<br>§ | |
| | § | |
| **V.** | §<br>§ | **288th JUDICIAL DISTRICT** |
| | § | |
| **FREQUENCY, LLC** | § | |
| **(f/k/a GOODRADIO.TV, LLC),** | § | |
| **FREQUENCY LICENSE, LLC,** | § | |
| **(f/k/a GOODRADIO.TV LICENSE, LLC),** | § | |
| **AMERICAN SECURITIES CAPITAL** | § | |
| **PARTNERS, LLC AND JEFFREY D.** | § | |
| **WARSHAW** | § | |
| | § | |
| **Defendants.** | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFFS' NOTICE OF INTENTION TO TAKE THE ORAL AND VIDEOTAPED DEPOSITION OF FREQUENCY, LLC

TO:    Defendant Frequency, LLC
       by and through its attorney of record
       Emerson Banack, Jr.
       Langley & Banack, Inc.
       Suite 900, Trinity Plaza II
       745 East Mulberry
       San Antonio, Texas 78212-3166

Please take notice that Plaintiffs Clear Channel Broadcasting, Inc., Clear Channel

Broadcasting Licenses, Inc., CC Licenses, LLC, Capstar Radio Operating Co., Capstar TX

Limited Partnership, AMFM Radio Licenses, LLC, Citicasters Co., Citicasters Licenses, L.P. and

Jacor Broadcasting Corporation (collectively "Plaintiffs") will take the oral and videotaped

deposition of Frequency, LLC through its designated representative(s) appointed pursuant to

Rule 199.2(b)(1) of the Texas Rules of Civil Procedure beginning at 9:30 a.m. on October 24,

2007 at the offices of Akin Gump Strauss Hauer & Feld, L.L.P., 300 Convent Street, Suite 1600,

San Antonio, Texas 78205. The designated corporate representative(s) will be required to testify on behalf of Frequency, LLC with respect to the matters identified in Exhibit A to this deposition notice.

The deposition will continue from day to day until completed.   The stenographic recording will be conducted before a notary public or other officer authorized by law to take depositions in the State of Texas.

**AKIN GUMP STRAUSS HAUER & FELD LLP**
300 Convent Street, Suite 1600
San Antonio, Texas 78205-3732
Telephone: 210.281.7000
Facsimile: 210.224.2035

R. Laurence Macon
State Bar No. 12787500
lmacon@akingump.com

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via facsimile to the following:

Emerson Banack, Jr.
Langley & Banack, Inc.
Suite 900, Trinity Plaza II
745 East Mulberry, Suite 900
San Antonio, Texas 78212

Karl S. Stern
Jeffrey S. Johnston
Jennifer H. Davidow
Vinson &
Elkins, L.L.P.
2500 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760

Max Shulman
Michael T. Reynolds
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475

on September 14, 2007.

R. Laurence Macon

_____

R. Laurence Macon

## Exhibit A

### I.     Definitions

As used herein, certain words and terms have specifically defined meanings.   Those

words and terms are defined as follows:

a.     The term **"You"** means Frequency, LLC and where applicable, its agents, representatives, officers, directors, employees, partners, corporate agents, parent, subsidiaries, related entities or affiliates or any person acting in concert with it or under its control whether directly or indirectly, including any attorney.

b.     The term **"Communication"** means any oral or written transmittal of information (in the form of facts, ideas, inquiries, or otherwise) of which you have knowledge, information or belief.

c.     The term **"Document"** means all written, typed or printed matters, and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action.

d.     The term **"Possession. Custody, or Control"** of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

e.     The term **"concerning"** means, in whole or in part, directly or indirectly relating to, referring to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, evidencing or constituting.

f.     The terms **"relating to"** or **"relates to"** mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject mater identified in the discovery request.

g.     The term **"person"** means natural person, corporation, firm, association, partnership, sole proprietorship, joint venture, governmental body, or any other organization, business or legal entity, and all predecessors or successors in interest.

h.     The following rules of construction apply to all discovery requests:

(i)     <u>All/Each</u>.   The terms **"all"** and **"each"** shall be construed as "and," "each," and "and/or."

(ii)     <u>Any</u>.   The term **"any"** should be understood in either its mot or least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(iii)  <u>And/Or</u>. The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed as outside of its scope.

(iv)  <u>Number</u>. The use of the singular form of any word includes the plural and vice versa.

i.  The term "**Clear Channel**" means Clear Channel Broadcasting, Inc., Clear Channel Broadcasting Licenses, Inc., CC Licenses, LLC, Capstar Radio Operating Co., Capstar TX Limited Partnership, AMFM Radio Licenses, LLC, Citicasters Co., Citicasters Licenses, L.P. and Jacor Broadcasting Corporation and its affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

j.  The term "**GoodRadio**" means GoodRadio.TV, LLC and GoodRadio.TV License, LLC and their affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

k.  The term "**Frequency**" means Frequency, LLC and its affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

l.  The term "**Frequency License**" means Frequency License, LLC and its affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

m.  The term "**ASCP**" means American Securities Capital Partners, LLC and its affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

n.  The term "**Warshaw**" means Defendant Jeffrey D. Warshaw.

o.  The term "**APA**" means the April 30, 2007 Asset Purchase Agreement appearing as Exhibit A to *Plaintiffs' Original Petition* and Exhibit 1 to the *Affidavit of Paul Kasper for Frequency, LLC* in the lawsuit styled *Clear Channel Broadcasting, Inc., et al. v. Frequency LLC, et al.*, Cause No. 2007-CI-12493, in the 288th District Court, Bexar County, Texas.

p.    The terms **"Clear Channel Radio Stations"** or **"Radio Stations"** mean the radio stations and related assets that Frequency contracted to purchase from Clear Channel pursuant to the APA.

## II.    Subject Matter Of Deposition

1.    The relationship between Frequency and: (1) GoodRadio; (2) Frequency License; (3) ASCP; and (4) Jeffrey Warshaw.

2.    The nature of Frequency's business and its organizational structure.

3.    The contents of the *Affidavit of Paul Kasper for Frequency, LLC* attached as Exhibit A to *Defendants' Special Appearance and, Subject Thereto, Special Exceptions and Original Answer.*

4.    Communications by and between Frequency and GoodRadio, Clear Channel, ASCP, Frequency License and/or Warshaw between January 1, 2006 and the present concerning the Clear Channel Radio Stations.

5.    Communications by and between Frequency and GoodRadio, Clear Channel, ASCP, Frequency License and/or Warshaw concerning the APA, including but not limited to communications regarding the preparation and negotiation of the APA, as well as any alleged breach or default of the APA.

6.    Communications concerning the purchase of the Clear Channel Radio Stations by and between GoodRadio and Clear Channel, ASCP, and/or Warshaw.

7.    Communications by and between GoodRadio and Clear Channel, ASCP, and/or Warshaw concerning the APA, including but not limited to communications regarding the preparation and negotiation of the APA, as well as any alleged breach or default of the APA

8.    The due diligence performed by GoodRadio and/or Frequency in connection with the purchase of the Clear Channel Radio Stations, including but not limited to the names of the persons who participated in the due diligence process on behalf of GoodRadio and/or Frequency, the documents reviewed, all communications with persons employed by or representing Clear Channel, and all calculations performed by GoodRadio and/or Frequency concerning the value of the radio stations and the amount GoodRadio and/or Frequency were willing to pay for the radio stations.

9.    Communications by and between Frequency and GoodRadio; ASCP; Frequency License, Warshaw and/or Clear Channel concerning the value of the Clear Channel Radio Stations.

10.    The basis for Frequency's contention that the Radio Stations have declined in value since April 30, 2007.

11.  Communications by and between Frequency and GoodRadio, ASCP, Frequency License, Warshaw, and/or Clear Channel concerning Frequency's refusal to pay the APA price of $452,100,000 for the Clear Channel Radio Stations.

12.  Frequency's contention that the Clear Radio Stations are only worth $350,000,000.

13.  Frequency's contention that financial statements provided by Clear Channel for the Radio Stations "understated" and/or "omitted" the expenses for software licensing fees and services provided by Clear Channel to the Radio Stations.

14.  Frequency's contention that the financial statements provided by Clear Channel "are not prepared in accordance with GAAP consistently applied and do not in the aggregate present fairly in all material respect the results of operations of the Stations as operated by Seller".

15.  Frequency's contention that the Radio Stations are not being operated by Clear Channel consistent with past practices and in the ordinary course of business practices.

16.  Frequency's contention that Clear Channel "materially reduced" or "deviated from" past marketing and promotional expenditures and past capital expenditures for the Radio Stations.

17.  Frequency's contention that Clear Channel failed to keep or replace keep employees at the Radio Stations and/or failed to replace Radio Station employees with persons having similar experience and qualifications.

18.  All breaches of the APA allegedly committed by Clear Channel.

CAUSE NO. 2007 CI 12493

| | | |
|---|---|---|
| CLEAR CHANNEL BROADCASTING, INC., ET AL., | § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| V. | § § | 288th JUDICIAL DISTRICT |
| FREQUENCY, LLC (f/k/a GOODRADIO.TV, LLC), FREQUENCY LICENSE, LLC, (f/k/a GOODRADIO.TV LICENSE, LLC), AMERICAN SECURITIES CAPITAL PARTNERS, LLC AND JEFFREY D. WARSHAW | § § § § § § § § | |
| Defendants. | § § | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' NOTICE OF INTENTION TO TAKE ORAL AND VIDEOTAPED DEPOSITION OF JEFFREY D. WARSHAW

To:    Defendant Jeffrey D. Warshaw
       By and through his attorney of record:
       Emerson Banack
       Langley & Banack, Inc
       Suite 900, Trinity Plaza II
       745 East Mulberry
       San Antonio, Texas 78212

Please take notice that Plaintiffs Clear Channel Broadcasting, Inc., Clear Channel Broadcasting Licenses, Inc., CC Licenses, LLC, Capstar Radio Operating Co., Capstar TX Limited Partnership, AMFM Radio Licenses, LLC, Citicasters Co., Citicasters Licenses, L.P. and Jacor Broadcasting Corporation (collectively "Plaintiffs") will take the oral and videotaped deposition of Jeffrey D. Warshaw beginning at 2:00 p.m. on October 24, 2007 at the offices of Akin Gump Strauss Hauer & Feld, L.L.P., 300 Convent Street, Suite 1600, San Antonio, Texas 78205.

The deposition will continue from day to day until completed. The stenographic recording will be conducted before a notary public or other officer authorized by law to take depositions in the State of Texas.

AKIN GUMP STRAUSS HAUER & FELD LLP
300 Convent Street, Suite 1600
San Antonio, Texas 78205-3732
Telephone: 210.281.7000
Facsimile: 210.224.2035

_____
R. Laurence Macon

State Bar No. 12787500
lmacon@akingump.com

**ATTORNEY FOR PLAINTIFFS**

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via facsimile to the following:

Emerson Banack, Jr.
Langley & Banack, Inc.
Suite 900, Trinity Plaza II
745 East Mulberry, Suite 900
San Antonio, Texas 78212

Karl S. Stern
Jeffrey S. Johnston
Jennifer H. Davidow
Vinson & Elkins, L.L.P.
2500 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760

Max Shulman
Michael T. Reynolds
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475

on the 14th day of September 2007.

R. Laurence Macon

900576.0185 WEST 6139145 v1

3