# PART 2 OF 2

# OF

# EXHIBIT 1

## TO DECLARATION OF MELANIE G. COWART IN SUPPORT OF DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR STAY

CAUSE NO. 2007 CI 12493

| | | |
|---|---|---|
| CLEAR CHANNEL BROADCASTING, INC., ET AL., | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | 288th JUDICIAL DISTRICT |
| | § | |
| FREQUENCY, LLC | § | |
| (f/k/a GOODRADIO.TV, LLC), | § | |
| FREQUENCY LICENSE, LLC, | § | |
| (f/k/a GOODRADIO.TV LICENSE, LLC), | § | |
| AMERICAN SECURITIES CAPITAL | § | |
| PARTNERS, LLC AND JEFFREY D. | § | |
| WARSHAW | § | |
| | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

---

**CLEAR CHANNEL BROADCASTING, INC.'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**
**TO AMERICAN SECURITIES CAPITAL PARTNERS, LLC**

---

To:   **Defendant American Securities Capital Partners, LLC**
      **By and through his attorney of record:**
      **Emerson Banack**
      **Langley & Banack, Inc**
      **745 East Mulberry**
      **San Antonio, Texas 78212**

Plaintiffs Clear Channel Broadcasting, Inc. serves this First Request for Production of Documents on American Securities Capital Partners, LLC pursuant to the Texas Rules of Civil Procedure. A response to the Request must be served within thirty (30) days after service hereof. It is specifically requested that the documents be made available at the offices of the undersigned counsel for Plaintiffs for inspection and copying on the date the response is due.

900576.0185 WEST 6140019 v1                    1

If you decline to provide any requested document by reason of a claim of privilege or other exemption from discovery, please describe and identify the information withheld in accordance with Rule 193.3 of the Texas Rules of Civil Procedure.

AKIN GUMP STRAUSS HAUER & FELD LLP
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Tel:     (210) 281-7000
Fax:    (210) 224-2035


R. Laurence Macon

R. LAURENCE MACON
State Bar No. 12787500

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

to:        I hereby certify that a true and correct copy of the foregoing has been sent via facsimile

Emerson Banack, Jr.
Langley & Banack, Inc.
Suite 900, Trinity Plaza II
745 East Mulberry, Suite 900
San Antonio, Texas 78212

Karl S. Stern
Jeffrey S. Johnston
Jennifer H. Davidow
Vinson &
Elkins, L.L.P.
2500 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760

Max Shulman
Michael T. Reynolds
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475

on September 14, 2007.

*R. Laurence Macon*

_____
R. Laurence Macon

# I. INSTRUCTIONS

1. You are requested to serve upon the undersigned, within thirty (30) days from the date hereof, responses to the requests for production of documents set forth below. It is specifically requested that the documents be made available at the offices of the undersigned counsel for Defendants for inspection and copying on the date the response is due.

2. Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

3. For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

4. The requests for production of documents that follow are to be considered as continuing, and you are requested to provide by way of supplemental responses hereto such additional documentation as you, or any other person acting on your behalf, may hereafter obtain which will augment or otherwise modify your responses given to the requests below. Such supplemental responses are to be served upon this party immediately upon receipt of such information.

5. If you decline to provide any requested document by reason of a claim of privilege or other exemption from discovery, please provide information about the withheld documents in accordance with Texas Rule of Civil Procedure 193.3.

# II. DEFINITIONS

The following terms shall have the meanings specified, unless the context requires otherwise:

1. The terms "Defendant" and "ASCP" as well as a party's full or abbreviated name or pronoun, including "you" and "your" means Defendant American Securities Capital Partners, LLC, and where applicable, its agents, representatives, officers, directors, employees, partners, corporate agents, parent, subsidiaries, related entities or affiliates or any person acting in concert with it or under its control whether directly or indirectly, including any attorney.

2. The term "person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

3.  The term "document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description (including, without limitation: letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts, and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, including videotapes, in your actual possession, custody or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action.

4.  The terms "possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.

5.  The term "concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting.

6.  The term "communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

7.  The terms "relating to" and "relates to" mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the interrogatory.

8.  The term "date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

9.  The terms "all" and "each" shall be construed as "and," "each," and "and/or."

10. The term "any" should be understood in either its most or least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

12. The use of the singular form of any word includes the plural and vice-versa.

13. The term "agreement" as used herein shall be broadly construed to mean and include, without limitation, contracts, agreements or understandings as well as any preliminary

understandings, writings, statements, acts or expressions including offers, proposals, modifications, and proposals to modify which in any way, however remote, may have a bearing on the terms and provisions of any contracts, agreements, or understandings, regardless of whether they are oral or written.

14. The term "Lawsuit" refers to the lawsuit styled *Clear Channel Broadcasting Inc. et. al, v. Frequency LLC, Frequency License LLC, American Securities Capital Partners LLC, and Jeffery D. Warshaw*, Cause No. 2007-CI-12493, in the 288th Judicial District of Bexar County, Texas. The term includes any and all claims or causes of action presently filed by any party in the above captioned cause or known to you including any claims as yet unasserted by you that you may claim as a basis for relief or as defenses or setoffs against your liability in this litigation.

15. The term "Clear Channel" means Clear Channel Broadcasting, Inc, Clear Channel Broadcasting Licenses, Inc. and its affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

16. The term "Frequency" means Frequency, LLC and its affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

17. The term "Frequency License" means Frequency License, LLC and its affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

18. The term "Asset Purchase Agreement" or "APA" refers to the document executed April 30, 2007 and attached as Exhibit "A" to Plaintiff's Original Petition in the lawsuit styled *Clear Channel Broadcasting Inc. et. al v. Frequency LLC, Frequency License LLC, American Securities Capital Partners LLC, and Jeffery D. Warshaw*, Cause No. 2007-CI-12493, in the 288th Judicial District of Bexar County, Texas.

19. The terms "Clear Channel Radio Stations" or "Radio Stations" mean the radio stations and related assets that Frequency contracted to purchase from Clear Channel pursuant to the APA.

## III. REQUEST FOR PRODUCTION

1. Organizational charts and employee lists for ASCP.

2. All contracts or consulting agreements between ASCP and any consultants hired to assist with the due diligence process concerning the Clear Channel Radio Stations.

3. All documents reviewed by ASCP during the due diligence related to the purchase of the Clear Channel Radio Stations.

4. All notes, reports, memos, spreadsheets, databases, and other materials that describe, discuss, or analyze information reviewed or received during the due diligence related to the purchase of the Clear Channel Radio Stations.

5. All non-privileged documents concerning the APA, including but not limited to email, notes, meeting agendas, reports and drafts of the APA.

6. All documents relating to work performed by consultants on behalf of ASCP concerning the purchase of Clear Channel radio stations.

7. All agreements between ASCP and Frequency, Frequency License, GoodRadio or any company relating to the purchase of the Clear Channel Radio Stations.

8. All documents discussing or describing non-privileged communications by and between ASCP and GoodRadio, Clear Channel, Frequency, Frequency License and/or Warshaw concerning: (1) the Radio Stations; (2) the APA; (3) the valuation of the Radio Stations; (4) the alleged reduction in value of the Radio Stations; (5) alleged breaches of the APA by Clear Channel; and (6) Frequency's refusal to pay $452.1 million for the Radio Stations.

9. All documents including but not limited to invoices, checks, payroll records, statements, or receipts that relate or refer to payments made by ASCP for Frequency, Frequency License or GoodRadio.

10. All documents or other material including but not limited to any calculations, estimations, appraisals, computations, spread sheets, valuations, or other analyses concerning the relative worth of any and all Radio Stations subject to the APA.

11. All documents or other material including but not limited to any calculations, estimations, appraisals, computations, spread sheets, valuations or other analyses concerning the alleged reduction in the relative worth of any and all Radio Stations subject to the APA.

12. All underlying documents relating to the Letter from Glen Kaufman, President of Frequency to Mark Mays dated July 24, 2007 including bases for the assertions that Clear Channel has both "(a) operated the business with substantially less marketing and promotion expenditure, activities and overall support " and "(b) has not replaced, or has

replaced with substantially less qualified/experienced individuals, numerous key employees who left the Stations prior and subsequent to April 30, 2007".

13.    All documents relating to the APA or the terms of the APA entered into with Clear Channel.

14.    All documents and other data relating to the diligence period prior to the signing of the Asset Purchase Agreement including all documents analyzing the various markets ultimately included in the APA.

15.    All documents relating to Clear Channel's auction to sell radio stations in 54 markets including but not limited to any participation and/or involvement by ASCP, GoodRadio, Frequency, Frequency Licenses or Warshaw.

16.    All documents relating to the formation of Frequency and Frequency License including but not limited to determination of ownership, control and apportionment of interest by any member of the LLC.

17.    All documents and tangible things showing or supporting the facts and opinions about which your expert witnesses may testify, including, but not limited to the grounds of any opinions or conclusions.

18.    All documents referencing, concerning or otherwise relating to any claim for damages you seek from Plaintiffs.

19.    All documents or other evidence which you intend to use as evidence at the trial of this Lawsuit.

20.    All documents relating to the work product of any consulting expert whose work will provide the basis, in whole or in part, of the testimony of any expert who will testify as a witness in this case, including, but not limited to, documents evidencing, substantiating, referring or relating to: (a) each expert's factual observations and opinions; (b) the subject matter on which each expert was consulted; (c) a summary of the grounds of each opinion; (d) all documents prepared by, provided to, relied upon, or reviewed by any such expert; (e) all documents provided to you by each expert, including but not limited to reports, summaries, and correspondence; (f) documents evidencing the hourly rate of each expert, the method of determining the amount to be paid to the expert, the amount of fees earned by the expert to date, the amount of fees currently owed to the expert, the amount of fees billed to you by the expert, and the amount paid to the expert to date; and (g) a resume or curriculum vitae or other document summarizing such expert's qualifications within the field or discipline or area with respect to this litigation with regard to which such expert was consulted.

21.    All documents of any kind whatsoever relating to, reflecting, or describing the identity of persons whom you believe may have knowledge of facts relevant to this Lawsuit or relating to any of the allegations or facts alleged in this Lawsuit.

22. All non-privileged documents of any kind whatsoever relating to or describing the identity of any person with whom you have shared any statements, reports, or documents relating to this Lawsuit or the facts and claims underlying this Lawsuit.

23. All documents of any kind whatsoever relating to any compromise, settlement, or other agreement that you have reached with any individual or entity that is in any way related to this Lawsuit.

24. All documents or reports of any kind whatsoever, written or recorded, of any person not a party to this lawsuit regarding the facts and claims made the basis of this Lawsuit.

25. All documents of any kind whatsoever, models, displays, exhibits, or any other form of demonstrative evidence which may be used by you at the trial of this case.

26. All handwritten or recorded personal notes (including computer entries) or other documents of any kind whatsoever, including calendars, diaries, or similar documents made regarding the events and incidents which form the basis of this Lawsuit.

CAUSE NO. 2007 CI 12493

| | |
|---|---|
| **CLEAR CHANNEL BROADCASTING, INC., ET AL.,** § | **IN THE DISTRICT COURT** |
| § | |
| *Plaintiffs,* § | |
| § | |
| V. § | **288th JUDICIAL DISTRICT** |
| § | |
| **FREQUENCY, LLC** § | |
| **(f/k/a GOODRADIO.TV, LLC),** § | |
| **FREQUENCY LICENSE, LLC,** § | |
| **(f/k/a GOODRADIO.TV LICENSE, LLC),** § | |
| **AMERICAN SECURITIES CAPITAL** § | |
| **PARTNERS, LLC AND JEFFREY D.** § | |
| **WARSHAW** § | |
| § | |
| *Defendants.* § | **BEXAR COUNTY, TEXAS** |

**CLEAR CHANNEL BROADCASTING, INC.'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO FREQUENCY LICENSE, LLC**

To:    Defendant Frequency License, LLC
       By and through his attorney of record:
       Emerson Banack
       Langley & Banack, Inc
       745 East Mulberry
       San Antonio, Texas 78212

Plaintiffs Clear Channel Broadcasting, Inc. serves this First Request for Production of Documents on Frequency License, LLC pursuant to the Texas Rules of Civil Procedure. A response to the Request must be served within thirty (30) days after service hereof. It is specifically requested that the documents be made available at the offices of the undersigned counsel for Plaintiffs for inspection and copying on the date the response is due.

If you decline to provide any requested document by reason of a claim of privilege or other exemption from discovery, please describe and identify the information withheld in accordance with Rule 193.3 of the Texas Rules of Civil Procedure.

AKIN GUMP STRAUSS HAUER & FELD LLP
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Tel:    (210) 281-7000
Fax:    (210) 224-2035

_R. Laurence Macon_

R. LAURENCE MACON
State Bar No. 12787500

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent via facsimile to:

Emerson Banack, Jr.
Langley & Banack, Inc.
Suite 900, Trinity Plaza II
745 East Mulberry, Suite 900
San Antonio, Texas 78212

Karl S. Stern
Jeffrey S. Johnston
Jennifer H. Davidow
Vinson &
Elkins, L.L.P.
2500 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760

Max Shulman
Michael T. Reynolds
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475

on September 14, 2007.

R. Laurence Macon

900576.0185 WEST 6140032 v1                    3

## I. INSTRUCTIONS

1. You are requested to serve upon the undersigned, within thirty (30) days from the date hereof, responses to the requests for production of documents set forth below. It is specifically requested that the documents be made available at the offices of the undersigned counsel for Defendants for inspection and copying on the date the response is due.

2. Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

3. For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

4. The requests for production of documents that follow are to be considered as continuing, and you are requested to provide by way of supplemental responses hereto such additional documentation as you, or any other person acting on your behalf, may hereafter obtain which will augment or otherwise modify your responses given to the requests below. Such supplemental responses are to be served upon this party immediately upon receipt of such information.

5. If you decline to provide any requested document by reason of a claim of privilege or other exemption from discovery, please provide information about the withheld documents in accordance with Texas Rule of Civil Procedure 193.3.

## II. DEFINITIONS

The following terms shall have the meanings specified, unless the context requires otherwise:

1. The terms "Defendant" and "Frequency License" as well as a party's full or abbreviated name or pronoun, including "you" and "your" means Defendant Frequency License, LLC, and where applicable, its agents, representatives, officers, directors, employees, partners, corporate agents, parent, subsidiaries, related entities or affiliates or any person acting in concert with him or under its control whether directly or indirectly, including any attorney.

2. The term "person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

3. The term "document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description (including, without limitation: letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts, and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, including videotapes, in your actual possession, custody or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action.

4. The terms "possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.

5. The term "concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting.

6. The term "communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

7. The terms "relating to" and "relates to" mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the interrogatory.

8. The term "date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

9. The terms "all" and "each" shall be construed as "and," "each," and "and/or."

10. The term "any" should be understood in either its most or least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

12. The use of the singular form of any word includes the plural and vice-versa.

13. The term "agreement" as used herein shall be broadly construed to mean and include, without limitation, contracts, agreements or understandings as well as any preliminary

understandings, writings, statements, acts or expressions including offers, proposals, modifications, and proposals to modify which in any way, however remote, may have a bearing on the terms and provisions of any contracts, agreements, or understandings, regardless of whether they are oral or written.

14. The term "Lawsuit" refers to the lawsuit styled *Clear Channel Broadcasting Inc. et. al. v. Frequency LLC, Frequency License LLC, American Securities Capital Partners LLC, and Jeffery D. Warshaw*, Cause No. 2007-CI-12493, in the 288th Judicial District of Bexar County, Texas. The term includes any and all claims or causes of action presently filed by any party in the above captioned cause or known to you including any claims as yet unasserted by you that you may claim as a basis for relief or as defenses or setoffs against your liability in this litigation.

15. The term "Clear Channel" means Clear Channel Broadcasting, Inc, Clear Channel Broadcasting Licenses, Inc. and its affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

16. The term "ASCP" means American Securities Capital Partners, LLC and its affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

17. The term "Frequency" means Frequency, LLC and its affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

18. The term "Asset Purchase Agreement" or "APA" refers to the document executed April 30, 2007 and attached as Exhibit "A" to Plaintiff's Original Petition in the lawsuit styled *Clear Channel Broadcasting Inc. et. al v. Frequency LLC, Frequency License LLC, American Securities Capital Partners LLC, and Jeffery D. Warshaw*, Cause No. 2007-CI-12493, in the 288th Judicial District of Bexar County, Texas.

## III. REQUEST FOR PRODUCTION

1. All documents showing how and when GoodRadio.TV License, LLC changed its name to Frequency License, LLC.

2. Organizational charts and employee lists for Frequency License.

3. All contracts or consulting agreements between GoodRadio.TV License and any consultants hired to assist with the due diligence process concerning the Clear Channel Radio Stations.

4. All documents reviewed by GoodRadio.TV License during the due diligence related to the purchase of the Clear Channel Radio Stations.

5. All notes, reports, memos, spreadsheets, databases, and other materials complied and created during the due diligence related to the purchase of the Clear Channel Radio Stations.

6. All non-privileged documents concerning the APA, including but not limited to email, notes, meeting agendas, reports and drafts of the APA.

7. All documents relating to work performed by consultants on behalf of GoodRadio.TV License concerning the purchase of Clear Channel radio stations.

8. All agreements between Frequency License and Frequency, ASCP, GoodRadio or any company relating to the purchase of the Clear Channel Radio Stations.

9. All documents discussing or describing non-privileged communications by and between Frequency License and GoodRadio, Clear Channel, Frequency, ASCP and/or Warshaw concerning: (1) the Radio Stations; (2) the APA; (3) the valuation of the Radio Stations; (4) the alleged reduction in value of the Radio Stations; (5) alleged breaches of the APA by Clear Channel; and (6) Frequency's refusal to pay $452.1 million for the Radio Stations.

10. All documents including but not limited to invoices, checks, payroll records, statements, or receipts that relate or refer to payments made by ASCP for Frequency, Frequency License or GoodRadio.

11. All documents or other material including but not limited to any calculations, estimations, appraisals, computations, spread sheets, valuations, or other analyses concerning the relative worth of any and all Radio Stations subject to the APA.

12. All underlying documents relating to Letter from Glen Kaufman, President of Frequency to Mark Mays dated July 24, 2007 including bases for the assertions that Clear Channel has both "(a) operated the business with substantially less marketing and promotion

expenditure, activities and overall support " and "(b) has not replaced, or has replaced with substantially less qualified/experienced individuals, numerous key employees who left the Stations prior and subsequent to April 30, 2007".

13.     All documents relating to the APA entered into with Clear Channel.

14.     All documents and other data relating to the diligence period prior to the signing of the Asset Purchase Agreement including all documents analyzing the various markets ultimately included in the APA.

15.     All documents relating to Clear Channel's auction to sell radio stations in 88 markets including but not limited to any participation and/or involvement by Frequency License, ASCP, or Frequency.

16.     All documents relating to the formation of Frequency License including but not limited to determination of ownership, control and apportionment of interest by any member of the LLC.

17.     All documents and tangible things showing or supporting the facts and opinions about which your expert witnesses may testify, including, but not limited to the grounds of any opinions or conclusions.

18.     All documents referencing, concerning or otherwise relating to any claim for damages you seek from Plaintiffs.

19.     All documents or other evidence which you intend to use as evidence at the trial of this Lawsuit.

20.     All documents relating to the work product of any consulting expert whose work will provide the basis, in whole or in part, of the testimony of any expert who will testify as a witness in this case, including, but not limited to, documents evidencing, substantiating, referring or relating to: (a) each expert's factual observations and opinions; (b) the subject matter on which each expert was consulted; (c) a summary of the grounds of each opinion; (d) all documents prepared by, provided to, relied upon, or reviewed by any such expert; (e) all documents provided to you by each expert, including but not limited to reports, summaries, and correspondence; (f) documents evidencing the hourly rate of each expert, the method of determining the amount to be paid to the expert, the amount of fees earned by the expert to date, the amount of fees currently owed to the expert, the amount of fees billed to you by the expert, and the amount paid to the expert to date; and (g) a resume or curriculum vitae or other document summarizing such expert's qualifications within the field or discipline or area with respect to this litigation with regard to which such expert was consulted.

21.     All documents of any kind whatsoever relating to, reflecting, or describing the identity of persons whom you believe may have knowledge of facts relevant to this Lawsuit or relating to any of the allegations or facts alleged in this Lawsuit.

22.    All documents of any kind whatsoever relating to or describing the identity of any person with whom you have shared any statements, reports, or documents relating to this Lawsuit or the facts and claims underlying this Lawsuit.

23.    All documents of any kind whatsoever relating to any compromise, settlement, or other agreement that you have reached with any individual or entity that is in any way related to this Lawsuit.

24.    All documents or reports of any kind whatsoever, written or recorded, of any person not a party to this lawsuit regarding the facts and claims made the basis of this Lawsuit.

25.    All documents of any kind whatsoever, models, displays, exhibits, or any other form of demonstrative evidence which may be used by you at the trial of this case.

26.    All handwritten or recorded personal notes (including computer entries) or other documents of any kind whatsoever, including calendars, diaries, or similar documents made regarding the events and incidents which form the basis of this Lawsuit.

CAUSE NO. 2007 CI 12493

| | | |
|---|---|---|
| **CLEAR CHANNEL BROADCASTING, INC., ET AL.,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | |
| | § | **288th JUDICIAL DISTRICT** |
| **FREQUENCY, LLC** | § | |
| **(f/k/a GOODRADIO.TV, LLC),** | § | |
| **FREQUENCY LICENSE, LLC,** | § | |
| **(f/k/a GOODRADIO.TV LICENSE, LLC),** | § | |
| **AMERICAN SECURITIES CAPITAL** | § | |
| **PARTNERS, LLC AND JEFFREY D.** | § | |
| **WARSHAW,** | § | |
| | § | |
| **Defendants.** | § | **BEXAR COUNTY, TEXAS** |

**CLEAR CHANNEL BROADCASTING, INC.'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**
**TO FREQUENCY, LLC**

To:     **Defendant Frequency, LLC**
**By and through his attorney of record:**
**Emerson Banack**
**Langley & Banack, Inc**
**745 East Mulberry**
**San Antonio, Texas 78212**

Plaintiffs Clear Channel Broadcasting, Inc. serves this First Request for Production of Documents on Frequency, LLC pursuant to the Texas Rules of Civil Procedure. A response to the Request must be served within thirty (30) days after service hereof. It is specifically requested that the documents be made available at the offices of the undersigned counsel for Plaintiffs for inspection and copying on the date the response is due.

09/14/2007 12:42 FAX 210 224 2035        AKIN GUMP III                    ☒044

If you decline to provide any requested document by reason of a claim of privilege or other exemption from discovery, please describe and identify the information withheld in accordance with Rule 193.3 of the Texas Rules of Civil Procedure.

AKIN GUMP STRAUSS HAUER & FELD LLP
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Tel:    (210) 281-7000
Fax:    (210) 224-2035

R. LAURENCE MACON
State Bar No. 12787500

ATTORNEY FOR PLAINTIFFS

09/14/2007 12:43 FAX 210 224 2035          AKIN GUMP III                              ☒045

## CERTIFICATE OF SERVICE

to:

I hereby certify that a true and correct copy of the foregoing has been sent via facsimile

Emerson Banack, Jr.
Langley & Banack, Inc.
Suite 900, Trinity Plaza II
745 East Mulberry, Suite 900
San Antonio, Texas 78212

Karl S. Stern
Jeffrey S. Johnston
Jennifer H. Davidow
Vinson &
Elkins, L.L.P.
2500 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760

Max Shulman
Michael T. Reynolds
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475

on September 14, 2007.

R. Laurence Macon
_____
R. Laurence Macon

900576.0185 WEST 6140042 v1                    3

# I. INSTRUCTIONS

1. You are requested to serve upon the undersigned, within thirty (30) days from the date hereof, responses to the requests for production of documents set forth below. It is specifically requested that the documents be made available at the offices of the undersigned counsel for Defendants for inspection and copying on the date the response is due.

2. Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

3. For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

4. The requests for production of documents that follow are to be considered as continuing, and you are requested to provide by way of supplemental responses hereto such additional documentation as you, or any other person acting on your behalf, may hereafter obtain which will augment or otherwise modify your responses given to the requests below. Such supplemental responses are to be served upon this party immediately upon receipt of such information.

5. If you decline to provide any requested document by reason of a claim of privilege or other exemption from discovery, please provide information about the withheld documents in accordance with Texas Rule of Civil Procedure 193.3.

# II. DEFINITIONS

The following terms shall have the meanings specified, unless the context requires otherwise:

1. The terms "Defendant" and "Frequency" as well as a party's full or abbreviated name or pronoun, including "you" and "your" means Defendant Frequency, LLC, and where applicable, its agents, representatives, officers, directors, employees, partners, corporate agents, parent, subsidiaries, related entities or affiliates or any person acting in concert with him or under its control whether directly or indirectly, including any attorney.

2. The term "person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

3.   The term "document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description (including, without limitation: letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts, and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, including videotapes, in your actual possession, custody or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action.

4.   The terms "possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.

5.   The term "concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting.

6.   The term "communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

7.   The terms "relating to" and "relates to" mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the interrogatory.

8.   The term "date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

9.   The terms "all" and "each" shall be construed as "and," "each," and "and/or."

10.  The term "any" should be understood in either its most or least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

12.  The use of the singular form of any word includes the plural and vice-versa.

13.  The term "agreement" as used herein shall be broadly construed to mean and include, without limitation, contracts, agreements or understandings as well as any preliminary understandings, writings, statements, acts or expressions including offers, proposals,

modifications, and proposals to modify which in any way, however remote, may have a bearing on the terms and provisions of any contracts, agreements, or understandings, regardless of whether they are oral or written.

14. The term "Lawsuit" refers to the lawsuit styled *Clear Channel Broadcasting Inc. et. al, v. Frequency LLC, Frequency License LLC, American Securities Capital Partners LLC, and Jeffery D. Warshaw,* Cause No. 2007-CI-12493, in the 288th Judicial District of Bexar County, Texas. The term includes any and all claims or causes of action presently filed by any party in the above captioned cause or known to you including any claims as yet unasserted by you that you may claim as a basis for relief or as defenses or setoffs against your liability in this litigation.

15. The term "Clear Channel" means Clear Channel Broadcasting, Inc, Clear Channel Broadcasting Licenses, Inc. and its affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

16. The term "ASCP" means American Securities Capital Partners, LLC and its affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

17. The term "Frequency License" means Frequency License, LLC and its affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

18. The term "Asset Purchase Agreement" or "APA" refers to the document executed April 30, 2007 and attached as Exhibit "A" to Plaintiff's Original Petition in the lawsuit styled *Clear Channel Broadcasting Inc. et. al v. Frequency LLC, Frequency License LLC, American Securities Capital Partners LLC, and Jeffery D. Warshaw,* Cause No. 2007-CI-12493, in the 288th Judicial District of Bexar County, Texas.

19. The terms "Clear Channel Radio Stations" or "Radio Stations" mean the radio stations and related assets that Frequency contracted to purchase from Clear Channel pursuant to the APA.

## III. REQUEST FOR PRODUCTION

1. Organizational charts and employee lists for Frequency, LLC.

2. All contracts or consulting agreements between GoodRadio and/or Frequency and any consultants hired to assist with the due diligence process concerning the Clear Channel Radio Stations.

3. All documents reviewed by GoodRadio and/or Frequency during the due diligence related to the purchase of the Clear Channel Radio Stations.

4. All notes, reports, memos, spreadsheets, databases, and other materials complied and created during the due diligence related to the purchase of the Clear Channel Radio Stations.

5. All non-privileged documents concerning the APA, including but not limited to email, notes, meeting agendas, reports and drafts of the APA.

6. All documents relating to work performed by consultants on behalf of GoodRadio and/or Frequency concerning the purchase of Clear Channel Radio Stations.

7. All agreements between Frequency and ASCP, Frequency License, GoodRadio or any company relating to the purchase of the Clear Channel Radio Stations.

8. All documents discussing or describing non-privileged communications by and between Frequency and GoodRadio, Clear Channel, ASCP, Frequency License and/or Warshaw concerning: (1) the Radio Stations; (2) the APA; (3) the valuation of the Radio Stations; (4) the alleged reduction in value of the Radio Stations; (5) alleged breaches of the APA by Clear Channel; and (6) Frequency's refusal to pay $452.1 million for the Radio Stations.

9. All documents including but not limited to invoices, checks, payroll records, statements, or receipts that relate or refer to payments made by Frequency for ASCP, Frequency License or GoodRadio.

10. All documents or other material including but not limited to any calculations, estimations, appraisals, computations, spread sheets, valuations, or other analyses concerning the relative worth of any and all radio stations subject to the APA.

11. All documents or other material including but not limited to any calculations, estimations, appraisals, computations, spread sheets, valuations or other analyses concerning the alleged reduction in the relative worth of any and all radio stations subject to the APA.

12. All underlying documents relating to Letter from Glen Kaufman, President of Frequency to Mark Mays dated July 24, 2007 including bases for the assertions that Clear Channel has both "(a) operated the business with substantially less marketing and promotion

expenditure, activities and overall support " and "(b) has not replaced, or has replaced with substantially less qualified/experienced individuals, numerous key employees who left the Stations prior and subsequent to April 30, 2007".

13. All documents relating to the APA entered into with Clear Channel and relating to the Radio Stations.

14. All documents and other data relating to the diligence period prior to the signing of the Asset Purchase Agreement including all documents analyzing the various markets ultimately included in the APA.

15. All documents relating to Clear Channel's auction to sell radio stations in 88 markets including but not limited to any participation and/or involvement by Defendant, ASCP, or Frequency License.

16. All documents relating to the formation of Frequency and Frequency License including but not limited to determination of ownership, control and apportionment of interest by any member of the LLC.

17. All documents and tangible things showing or supporting the facts and opinions about which your expert witnesses may testify, including, but not limited to the grounds of any opinions or conclusions.

18. All documents referencing, concerning or otherwise relating to any claim for damages you seek from Plaintiffs.

19. All documents or other evidence which you intend to use as evidence at the trial of this Lawsuit.

20. All documents relating to the work product of any consulting expert whose work will provide the basis, in whole or in part, of the testimony of any expert who will testify as a witness in this case, including, but not limited to, documents evidencing, substantiating, referring or relating to: (a) each expert's factual observations and opinions; (b) the subject matter on which each expert was consulted; (c) a summary of the grounds of each opinion; (d) all documents prepared by, provided to, relied upon, or reviewed by any such expert; (e) all documents provided to you by each expert, including but not limited to reports, summaries, and correspondence; (f) documents evidencing the hourly rate of each expert, the method of determining the amount to be paid to the expert, the amount of fees earned by the expert to date, the amount of fees currently owed to the expert, the amount of fees billed to you by the expert, and the amount paid to the expert to date; and (g) a resume or curriculum vitae or other document summarizing such expert's qualifications within the field or discipline or area with respect to this litigation with regard to which such expert was consulted.

21.  All documents of any kind whatsoever relating to, reflecting, or describing the identity of persons whom you believe may have knowledge of facts relevant to this Lawsuit or relating to any of the allegations or facts alleged in this Lawsuit.

22.  All documents of any kind whatsoever relating to or describing the identity of any person with whom you have shared any statements, reports, or documents relating to this Lawsuit or the facts and claims underlying this Lawsuit.

23.  All documents of any kind whatsoever relating to any compromise, settlement, or other agreement that you have reached with any individual or entity that is in any way related to this Lawsuit.

24.  All documents or reports of any kind whatsoever, written or recorded, of any person not a party to this lawsuit regarding the facts and claims made the basis of this Lawsuit.

25.  All documents of any kind whatsoever, models, displays, exhibits, or any other form of demonstrative evidence which may be used by you at the trial of this case.

26.  All handwritten or recorded personal notes (including computer entries) or other documents of any kind whatsoever, including calendars, diaries, or similar documents made regarding the events and incidents which form the basis of this Lawsuit.

27.  The basis for Frequency's contention that the Radio Stations have declined in value since April 30, 2007.

28.  All documents discussing, describing and supporting Frequency's contention that the Clear Channel Radio Stations are only worth $350,000,000.

29.  All documents discussing, describing and supporting Frequency's contention that financial statements provided by Clear Channel for the Radio Stations "understated" and/or "omitted" the expenses for software licensing fees and services provided by Clear Channel to the Radio Stations.

30.  All documents discussing, describing and supporting Frequency's contention that the financial statements provided by Clear Channel "are not prepared in accordance with GAAP consistently applied and do not in the aggregate present fairly in all material respect the results of operations of the Stations as operated by Seller".

31.  All documents discussing, describing and supporting Frequency's contention that the Radio Stations are not being operated by Clear Channel consistent with past practices and in the ordinary course of business practices.

32.  All documents discussing, describing and supporting Frequency's contention that Clear Channel "materially reduced" or "deviated from" past marketing and promotional expenditures and past capital expenditures for the Radio Stations.

33. All documents describing, discussing and supporting Frequency's contention that Clear Channel failed to keep or replace key employees at the Radio Stations and/or failed to replace Radio Station employees with persons having similar experience and qualifications.

34. All documents describing, discussing and supporting any alleged breach of the APA by Clear Channel.

CAUSE NO. 2007 CI 12493

| | | |
|---|---|---|
| CLEAR CHANNEL BROADCASTING, INC., ET AL., | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| V. | § § | 288th JUDICIAL DISTRICT |
| FREQUENCY, LLC (f/k/a GOODRADIO.TV, LLC), FREQUENCY LICENSE, LLC, (f/k/a GOODRADIO.TV LICENSE, LLC), AMERICAN SECURITIES CAPITAL PARTNERS, LLC AND JEFFREY D. WARSHAW | § § § § § § § § | |
| Defendants. | § § | BEXAR COUNTY, TEXAS |

CLEAR CHANNEL BROADCASTING, INC.'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
TO JEFFREY D. WARSHAW

To:     **Defendant Jeffrey D. Warshaw**
        **By and through his attorney of record:**
        **Emerson Banack**
        **Langley & Banack, Inc**
        **745 East Mulberry**
        **San Antonio, Texas 78212**

Plaintiff Clear Channel Broadcasting, Inc. serves this First Request for Production of Documents on Jeffrey D. Warshaw pursuant to the Texas Rules of Civil Procedure. A response to the Request must be served within thirty (30) days after service hereof. It is specifically requested that the documents be made available at the offices of the undersigned counsel for Plaintiffs for inspection and copying on the date the response is due.

If you decline to provide any requested document by reason of a claim of privilege or other exemption from discovery, please describe and identify the information withheld in accordance with Rule 193.3 of the Texas Rules of Civil Procedure.

AKIN GUMP STRAUSS HAUER & FELD LLP
300 Convent Street, Suite 1500
San Antonio, Texas 78205
Tel:    (210) 281-7000
Fax:    (210) 224-2035


R. LAURENCE MACON
State Bar No. 12787500

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent via facsimile to:

Emerson Banack, Jr.
Langley & Banack, Inc.
Suite 900, Trinity Plaza II
745 East Mulberry, Suite 900
San Antonio, Texas 78212

Karl S. Stern
Jeffrey S. Johnston
Jennifer H. Davidow
Vinson &
Elkins, L.L.P.
2500 First City Tower
1001 Fannin Street
Houston, Texas 77002-6760

Max Shulman
Michael T. Reynolds
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475

on September 14, 2007.

R. Laurence Macon

## I. INSTRUCTIONS

1.  You are requested to serve upon the undersigned, within thirty (30) days from the date hereof, responses to the requests for production of documents set forth below. It is specifically requested that the documents be made available at the offices of the undersigned counsel for Defendants for inspection and copying on the date the response is due.

2.  Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

3.  For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

4.  The requests for production of documents that follow are to be considered as continuing, and you are requested to provide by way of supplemental responses hereto such additional documentation as you, or any other person acting on your behalf, may hereafter obtain which will augment or otherwise modify your responses given to the requests below. Such supplemental responses are to be served upon this party immediately upon receipt of such information.

5.  If you decline to provide any requested document by reason of a claim of privilege or other exemption from discovery, please provide information about the withheld documents in accordance with Texas Rule of Civil Procedure 193.3.

## II. DEFINITIONS

The following terms shall have the meanings specified, unless the context requires otherwise:

1.  The terms "Defendant" and "Warshaw" as well as a party's full or abbreviated name or pronoun, including "you" and "your" means Defendant, Jeffrey D. Warshaw, and where applicable, his agents, representatives, officers, directors, employees, partners, corporate agents, parent, subsidiaries, related entities or affiliates or any person acting in concert with him or under his control whether directly or indirectly, including any attorney.

2.  The term "person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

3.  The term "document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description (including, without limitation: letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts, and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, including videotapes, in your actual possession, custody or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action.

4.  The terms "possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.

5.  The term "concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, or constituting.

6.  The term "communication" means any oral or written communication of which the Defendant has knowledge, information, or belief.

7.  The terms "relating to" and "relates to" mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the interrogatory.

8.  The term "date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

9.  The terms "all" and "each" shall be construed as "and," "each," and "and/or."

10. The term "any" should be understood in either its most or least inclusive sense as necessary to bring within scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

12. The use of the singular form of any word includes the plural and vice-versa.

13. The term "agreement" as used herein shall be broadly construed to mean and include, without limitation, contracts, agreements or understandings as well as any preliminary understandings, writings, statements, acts or expressions including offers, proposals,

modifications, and proposals to modify which in any way, however remote, may have a bearing on the terms and provisions of any contracts, agreements, or understandings, regardless of whether they are oral or written.

14.     The term "Lawsuit" refers to the lawsuit styled *Clear Channel Broadcasting Inc. et. al, v. Frequency LLC, Frequency License LLC, American Securities Capital Partners LLC, and Jeffery D. Warshaw*, Cause No. 2007-CI-12493, in the 288th Judicial District of Bexar County, Texas. The term includes any and all claims or causes of action presently filed by any party in the above captioned cause or known to you including any claims as yet unasserted by you that you may claim as a basis for relief or as defenses or setoffs against your liability in this litigation.

15.     The term "Clear Channel" means Clear Channel Broadcasting, Inc, Clear Channel Broadcasting Licenses, Inc. and its affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

16.     The term "ASCP" means American Securities Capital Partners, LLC and its affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

17.     The term "Frequency" means Frequency, LLC  and Frequency License, LLC and its affiliated companies, parent and subsidiary firms, predecessors in interest, successors, assigns, current and former employees, officers, directors, agents, representatives, joint venturers and others acting for or on behalf of any of the foregoing persons or entities.

18.     The term "Asset Purchase Agreement" or "APA" refers to the document executed April 30, 2007 and attached as Exhibit "A" to Plaintiff's Original Petition in the lawsuit styled *Clear Channel Broadcasting Inc. et. al v. Frequency LLC, Frequency License LLC, American Securities Capital Partners LLC, and Jeffery D. Warshaw*, Cause No. 2007-CI-12493, in the 288th Judicial District of Bexar County, Texas.

19.     The terms "Clear Channel Radio Stations" or "Radio Stations" mean the radio stations and related assets that Frequency contracted to purchase from Clear Channel pursuant to the APA.

## III. REQUEST FOR PRODUCTION

1.      All documents relating to consulting Defendant performed on behalf of ASCP and/or Frequency or any of their affiliated companies, parents and subsidiary firms, predecessors in interest, successors, and/or assigns including but not limited to work performed relating to the purchase of Clear Channel Radio Stations.

2.  All agreements between Defendant and ASCP and/or Frequency or any of their affiliated companies, parent and subsidiary firms, predecessors in interest, successors, and/or assigns including but not limited to work performed relating to the purchase of Clear Channel Radio Stations.

3.  All documents including but not limited to invoices, checks, payroll records, statements, or receipts that relate or refer to payments made between Defendant and ASCP and/or Frequency or any of their affiliated companies, parents and subsidiary firms, predecessors in interest, successors, and/or assigns.

4.  All documents relating to Defendant's phone conversation with Mark Mays on July 19, 2007 including all documents referencing, substantiating, evidencing concerning or otherwise involving the proposed reduction in contracted purchase price.

5.  All documents or other material including but not limited to any calculations, estimations, appraisals, computations, spread sheets, valuations, or other analyses concerning the relative worth of any and all Radio Stations subject to the APA

6.  All documents or other material including but not limited to any calculations, estimations, appraisals, computations, spread sheets, valuations or other analyses concerning the reduction in the relative worth of any and all Radio Stations subject to the APA

7.  All documents relating to Defendant's relationship, if any, with Clear Channel prior to the July 19, 2007 phone call to Mark Mays.

8.  All underlying documents relating to Letter from Glen Kaufman, President of Frequency to Mark Mays dated July 24, 2007 including bases for the assertions that Clear Channel has both "(a) operated the business with substantially less marketing and promotion expenditure, activities and overall support " and "(b) has not replaced, or has replaced with substantially less qualified/experienced individuals, numerous key employees who left the Stations prior and subsequent to April 30, 2007".

9.  All documents relating to Asset Purchase Agreement or the terms of the Asset Purchase Agreement entered into with Clear Channel.

10. All documents and other data relating to the diligence period prior to the signing of the Asset Purchase Agreement including all documents analyzing the various markets ultimately included in the APA.

11. All documents relating to Clear Channel's auction to sell radio stations in 88 markets including but not limited to any participation and/or involvement by Defendant, ASCP, or Frequency.

12. All documents relating to the formation of Frequency, LLC by ASCP including but not limited to determination of ownership and control and apportionment of interest, including any interest at any time retained by Defendant in Frequency, ASCP or any of

their affiliated companies, parent and subsidiary firms, predecessors in interest, successors, and/or assigns.

13. All documents relating to Defendant's role following the acquisition of the radio stations in Frequency, ASCP or any of their affiliated companies, parent and subsidiary firms, predecessors in interest, successors, and/or assigns including any documents discussing Defendant's management of acquired stations.

14. All news articles, web pages, blogs, videos or other media material relating to Defendant and Defendant's businesses and business dealings in radio.

15. All documents and tangible things showing or supporting the facts and opinions about which your expert witnesses may testify, including, but not limited to the grounds of any opinions or conclusions.

16. All documents referencing, concerning or otherwise relating to any claim for damages you seek from Plaintiffs.

17. All documents or other evidence which you intend to use as evidence at the trial of this Lawsuit.

18. All documents relating to the work product of any consulting expert whose work will provide the basis, in whole or in part, of the testimony of any expert who will testify as a witness in this case, including, but not limited to, documents evidencing, substantiating, referring or relating to:  (a) each expert's factual observations and opinions; (b) the subject matter on which each expert was consulted; (c) a summary of the grounds of each opinion; (d) all documents prepared by, provided to, relied upon, or reviewed by any such expert; (e) all documents provided to you by each expert, including but not limited to reports, summaries, and correspondence; (f) documents evidencing the hourly rate of each expert, the method of determining the amount to be paid to the expert, the amount of fees earned by the expert to date, the amount of fees currently owed to the expert, the amount of fees billed to you by the expert, and the amount paid to the expert to date; and (g) a resume or curriculum vitae or other document summarizing such expert's qualifications within the field or discipline or area with respect to this litigation with regard to which such expert was consulted.

19. All documents of any kind whatsoever relating to, reflecting, or describing the identity of persons whom you believe may have knowledge of facts relevant to this Lawsuit or relating to any of the allegations or facts alleged in this Lawsuit.

20. All documents of any kind whatsoever relating to or describing the identity of any person with whom you have shared any statements, reports, or documents relating to this Lawsuit or the facts and claims underlying this Lawsuit.

21.   All documents of any kind whatsoever relating to any compromise, settlement, or other agreement that you have reached with any individual or entity that is in any way related to this Lawsuit.

22.   All documents or reports of any kind whatsoever, written or recorded, of any person not a party to this lawsuit regarding the facts and claims made the basis of this Lawsuit.

23.   All documents of any kind whatsoever, models, displays, exhibits, or any other form of demonstrative evidence which may be used by you at the trial of this case.

24.   All handwritten or recorded personal notes (including computer entries) or other documents of any kind whatsoever, including calendars, diaries, or similar documents made regarding the events and incidents which form the basis of this Lawsuit.