UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FREQUENCY, LLC, formerly known as
GOODRADIO.TV, LLC,

                Plaintiff,                                07 Civ. 7785 (PKC)

      -against-                                     MEMORANDUM
                                                         AND ORDER
CLEAR CHANNEL BROADCASTING, INC.,

                Defendant.
------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        This is a motion by defendant Clear Channel Broadcasting, Inc. to dismiss or stay this action in favor of a suit pending in state court in Texas. Clear Channel Broadcasting, Inc., et al. v. Frequency, LLC, et al., Case No. 2007-CI-12493 (288th District Court, Bexar County, Texas) (the "Texas Action"). On a balancing of the factors in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) and Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1 (1983), I decline to grant the relief sought.

        This action and the Texas Action relate to an asset purchase agreement ("APA") pursuant to which Clear Channel and affiliates agreed to sell 187 radio broadcast stations to Frequency, LLC ("Frequency") and affiliates. The stated purchase price, subject to certain adjustments, was $452.1 million and, according to the pleadings, the price was the result of an auction process. The stations which are the subject of the sale include several located in Poughkeepsie, New York, which is in this District. None are located in Texas. The APA, which was entered into as of April 30, 2007, is governed by the law of Texas.

        The Texas Action was filed on August 17, 2007. It names Frequency, as well as American Securities Capital Partners, LLC ("ASCP"), a private equity investment firm that

- 2 -

allegedly agreed to fund Frequency's obligations, and Jeff Warshaw, an individual who was a consultant to Frequency and ASCP. Clear Channel sues Frequency in the Texas Action for breach of contract in purportedly taking the position that it will not close the transaction contemplated by the APA unless the price is lowered and by failing to give adequate assurances that it intends to consummate the purchase on the terms set forth in the APA. Clear Channel also brings claims against Frequency for fraud, fraudulent misrepresentation, and tortious interference with prospective business relations.  It brings claims of tortious interference with contract, i.e., the APA, against ASCP and Warshaw.

The action pending in this Court alleges, among other things, that Clear Channel breached the APA by providing materially false financial statements and by operating the stations under the APA in a manner inconsistent with past practices and ordinary course of business practices.  The action was commenced in state court in New York and removed to this Court.  In the Amended Complaint, Frequency asserts claims for breach of contract and two separately pled claims for declaratory relief relating to the return of the escrowed deposit and a purported contractual limitation on Frequency's liability.  Frequency's claims assert actions on the part of Clear Channel (and corresponding contractual provisions), which are not raised directly in the Texas Action.

Clear Channel asserts that a forum selection clause, assertedly agreed to by the parties, ought to have controlling weight.  Five months before the APA, DeanRadio.TV Inc. of West Palm Beach, Florida, an affiliate of Frequency, entered into a confidentiality agreement with Clear Channel, which enabled the potential buyer to engage in due diligence in connection with  the possible purchase of assets.  Clear Channel makes much of the fact that this November 30, 2006 letter agreement (the "Letter Agreement") provides that either

party "may" sue on the Letter Agreement "or the Transaction contemplated hereby" in any state or federal court located in Bexar County, Texas . . . ." (Letter Agreement at ¶ 12.) The parties consented to the "non-exclusive jurisdiction and venue of such courts . . . ." (Id.) Without deciding whether the Letter Agreement has application to any Frequency-related entity other than DeanRadio.TV Inc., or the impact of the merger clause in the APA (¶ 11.6), the referenced language of the Letter Agreement does not designate any forum as exclusive.

Clear Channel also asserts that the first-filed rule prevents this Court from retaining jurisdiction. The rule and the exceptions thereto are thoughtfully discussed in Reliance Ins. Co. v. Six Star, Inc., 155 F. Supp. 2d 49 (S.D.N.Y. 2001), and 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 131-36 (S.D.N.Y. 1994). It suffices to note that the considerations which underlie the rule as applied between two actions filed in federal court do not dispense with a district court's obligation to consider whether abstention is appropriate under Colorado River.

Here, this Court has subject matter jurisdiction over the claims asserted in this diversity action. There is no claim that a federal constitutional right is at issue or that difficult questions of Texas law are presented bearing on policy problems of substantial public import. Colorado River, 424 U.S. at 813. Abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." Id. (quoting County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89 (1959)).

A decision to abstain "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone, 460 U.S. at 16. The Court "must" weigh the six factors below, with the "balance heavily weighted in favor of the

exercise of jurisdiction." Burnett v. Physician's Online, Inc., 99 F.3d 72, 76 (2d Cir. 1996) (quoting Moses H. Cone, 460 U.S. at 16) (additional citation omitted).

 (1) The assumption of jurisdiction by either court over any res or property

There is no res or property which is within the jurisdiction of this Court or the court in the Texas Action. Thus, there is no conceptual or practical obstacle to two courts simultaneously exercising jurisdiction.

 (2) The inconvenience of the federal forum

The federal forum ought not be particularly inconvenient to any party. Frequency has its principal place of business in this District. Although Clear Channel's principal place of business is in Texas, it does business in many parts of the country. Indeed, the radio stations at issue include those operated in Poughkeepsie, New York, part of this District. The Federal Rules of Civil Procedure allow reasonable accommodations to the needs of witnesses and parties and no special hardship to Clear Channel has been identified.

 (3) The avoidance of piecemeal litigation

This is not a circumstance in which one court has exclusive jurisdiction over a phase of the case, which the other court may not exercise, such that there will be a danger of wasteful piecemeal litigation. The subject matter jurisdiction of either this court or the court in the Texas Action would permit all other claims between Frequency or Clear Channel to be heard in either court.[1] True, ASCP and Warshaw are not present here, but the tortious interference claims against them are collateral to the more central questions of whether Frequency or Clear Channel has breached the APA.

---

[1] This assumes that the court in the Texas Action has personal jurisdiction over Frequency, a matter on which this court expresses no opinion.

(4) <u>The order in which jurisdiction was obtained.</u>

As noted, the Texas Action was filed first but no service of process was effectuated until after the present action was commenced. The Texas Action was commenced on August 17, 2007 and this action was commenced in Supreme Court of the State of New York on August 20, 2007. The action arrived in federal court, via removal, on September 4, 2007. In the Texas Action, Frequency has asserted a defense of lack of personal jurisdiction.

(5) <u>Whether state or federal law supplies the rule of decision</u>

No federal law supplies the rule of decision in this diversity action. The breach of contract action will be governed by Texas law. No novel or difficult principle of Texas law is likely to be at issue.

(6) <u>Whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction.</u>

The Texas Action will more than adequately protect the rights of the party seeking to invoke federal jurisdiction.

\* \* \* \*

That Texas law is at issue and that the Texas Action is more than adequate to protect the rights of the parties point in the direction of abstention. On the other hand, the federal forum will provide no substantial inconvenience to any party to the federal action and no <u>res</u> is at issue. That the Texas Action was commenced but not served prior to the commencement of this action is not a particularly strong factor either way in this case. That two of the three claims in the action before this Court are for declaratory relief does not

substantially influence the outcome. The combination of factors do not lean in favor of declining federal jurisdiction in this case. I conclude that abstention, whether effectuated through dismissal or a stay, is not warranted in this case.

At all times, I must be mindful that this is a diversity action and, under <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64 (1938), I must faithfully apply Texas law. This circumstance may cause me to revisit the balancing of the <u>Colorado River</u> factors or to grant a more limited stay after the record is more fully developed through discovery.

<u>Giulini v. Blessing</u>, 654 F.2d 189, 192-94 (2d Cir. 1981), relied upon by Clear Channel, recognizes that a limited stay may sometimes be appropriate while a constitutional issue is first passed upon by a state court in a parallel criminal proceeding. In <u>Giulini</u>, the Second Circuit noted that staying the federal case pending the "expected" Appellate Term decision on the appeal from plaintiff's conviction for violating a zoning ordinance would be a sound exercise of discretion. <u>Id.</u> at 194. In this case, it may become appropriate at some point to grant an application for a more limited stay pending a specific ruling in a Texas court.

How, then, are the two cases to proceed? Parallel proceedings may proceed simultaneously, until a judgment is reached in one action which may then be asserted in the other action as a bar under the doctrines of issue preclusion or claim preclusion. See <u>Royal and Sun Alliance Ins. Co. of Canada v. Century Intern. Arms, Inc.</u>, 466 F.3d 88, 92 (2d Cir. 2006)(citations omitted). The parties should have the incentive to pursue coordinated discovery and, in the absence of agreement, scheduling coordination between the judges in the two actions is an available alternative.

I have considered all other arguments of defendant Clear Channel. Defendants' motion to dismiss or stay is DENIED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       November 15, 2007