```
┌─────────────────────────────────┐
│ USDS SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED: 11-16-07             │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x
      :
FREQUENCY, LLC, f/k/a, GOODRADIO.TV, :
LLC      :
      Plaintiff,    :
      :
    - against -    :
      :
CLEAR CHANNEL BROADCASTING, INC. :
      :
      Defendant.   :
      x
--------------------------------------------------------

ECF Case

1:07 Civ. 07785 (PKC)

[PLAINTIFF'S PROPOSED]   *PKC*
CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER

       This Civil Case Management Plan, submitted in accordance with Rule 26(f), Fed. R. Civ. P., is adopted as the Scheduling Order of this Court in accordance with Rule 16(f), Fed. R. Civ. P.

I.     All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2.     Defendant has requested that the case be tried to a jury.

3.     Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within 30 days from the date of this Order.

4.     Initial disclosure pursuant to Rules 26(a)(1), Fed. R. Civ. P. shall be completed not later than 14 days from the date of this Order.

5.     All fact discovery shall be completed no later than March 17, 2008.

6.     The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided all fact discovery is completed by the date set forth in paragraph 5 above:

     a.    Initial requests for production of documents to be served by December 7, 2007.

     b.    Interrogatories to be served by December 7, 2007.

     c.    Depositions to be completed by March 17, 2008.

     d.    Requests to Admit to be served no later than January 31, 2008.

7.     a.    All expert discovery shall be completed no later than May 31, 2008.

b.  No later than thirty (30) days <u>prior to</u> the date in paragraph 5, <u>i.e.</u>, the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) plaintiff's expert report(s) shall be due before those of defendant's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.  All motions and applications shall be governed by the Court's Individual Practices. Pursuant to the authority of Rule 16(b)(2), Fed. R. Civ. P., a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the close of expert discovery (see paragraph 7(a) hereof).

9.  All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.  a.  Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following: <u>The parties will exchange the initial disclosures required under Rule 26(a)(1) within 14 days of the date of this Order.</u>

b.  Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: <u>Retention of a privately retained mediator.</u>

c.  Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (<u>e.g.,</u> within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery): <u>After the close of fact discovery.</u> *Court recommends retention of mediator NOW !* ⟩ PKC

d.  The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.  The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions <u>in limine</u> (for which the premotion conference requirement is waived) shall be filed by the Final Pretrial Submission Date. Proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P.

12.  Counsel for the parties have conferred and their present best estimate of the length of trial is seven to ten days.

.....................................................................................................................................................................

**TO BE COMPLETED BY THE COURT:**

13.    [Other directions to the parties]

14.    The (next Case Management) (Final ~~Pretrial Conference~~) is scheduled for April 11, 2008 *at 11:30 AM*.

      This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend shall be made in a written application in accordance with paragraph 1(E) of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

                                          P. Kevin Castel
                                 United States District Judge

Dated: New York, New York
      11-16-07