R. Laurence Macon
Akin, Gump, Strauss, Hauer & Feld, L.L.P.
300 Convent Street, Suite 1600
San Antonio, Texas 78205
Telephone:   (210) 281-7000
Fax:         (210) 224-2035
lmacon@akingump.com

Ariane A. Qureshi
Akin, Gump, Strauss, Hauer & Feld, L.L.P.
590 Madison Avenue
New York, NY 10022-2525
Telephone:   (212) 872-1000
Fax:         (212) 872-1002
aaustin@akingump.com

**FILED BY ELF**
*COUNSEL FOR DEFENDANT*
*CLEAR CHANNEL BROADCASTING, INC.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREQUENCY, LLC (f/k/a GOODRADIO.TX, LLC), INC.<br><br>Plaintiff,<br><br>v.<br><br>CLEAR CHANNEL BROADCASTING, INC.,<br><br>Defendant. | No. 07-CIV-7785 (PKC) |

## DEFENDANT'S INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant Clear Channel Broadcasting, Inc. (Clear Channel), by and through its attorneys, Akin Gump Strauss

1

Hauer & Feld LLP, hereby provides its initial disclosures to Plaintiff Frequency, LLC (f/k/a GoodRadio.TV, LLC.

General Statement

1. By providing information pursuant to any provision of Federal Rule of Civil Procedure 26(a)(1), Clear Channel does not concede the materiality of the subject to which it refers. Clear Channel's responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the information produced or identified in any proceeding, including the trial of this action or any subsequent proceeding.

2. The following initial disclosures are made subject to and without waiving Defendant's right to object to the disclosure or further use of the identified subject matter, including, but not limited to the right to object to:

    a.) Plaintiff's use of any disclosed information in this action;

    b.) Discovery requests involving or relating to the subject matter of this disclosure;

    c.) The production of any document or thing on the basis of privilege or other valid objection.

3. Clear Channel is continuing to search for documents and information relevant to this litigation, and therefore reserves the right to supplement or amend its responses to each provision of Rule 26(a)(1), if necessary. Clear Channel also reserves the right to object to the future disclosure of any such documents and/or information.

A.  <u>Individuals Likely to Have Discoverable Information</u>

The following individuals may have discoverable information that Clear Channel may use to support its defenses. This list reflects information reasonably available to Clear Channel at present. Defendant reserves the right to supplement this information with information that may be revealed during the course of discovery.

The following individuals are likely to have information concerning one or more of the following subjects: (1) the extent and nature of information supplied to or made available to Plaintiff during the due diligence process; (2) the negotiation of the parties' Confidentiality Agreement and the APA; (3) the extent and nature of information supplied to or made available to Plaintiff after the APA was signed; (4) the software licensing agreements between Clear Channel and the subject radio stations; (5) the content and conditions under which financial statements provided to Plaintiff were prepared; (6) the management and operation of the subject radio stations pre- and post APA, including but not limited to capital expenditures, marketing and promotion expenditures and the retention and replacement of key employees; (7) the filing and handling of the Texas lawsuit; (8) the justification for discontinuing the disclosure of information about the subject radio stations after Frequency breached and terminated the APA; and (9) the justification for retaining the Deposit.

**Response:**

    1.    Mark Mays, Chief Executive Officer

    2.    Randal Mays, President and Chief Financial Officer

    3.    Dirk Eller, VP of Corporate Development

    4.    John Tippit, Senior VP, Strategic Development

    5.    John Hogan, President and CEO Clear Channel Radio

6. Jerry Kersting, CFO Clear Channel Radio

7. Kelly Creager, CPA Broadcast Controller/Director - Budgeting and Forecasting

8. Luke Allen, Senior Financial Analyst – Budgeting and Forecasting

9. Chih Wei Feng, Financial Analyst

10. Stephanie Tudyk, Broadcast Senior Accountant/Financial Analyst

11. Rick Mangum, VP Broadcast Accounting

12. Scott Bick, VP Domestic Tax

13. Andrew W. Levin, Executive Vice President and Chief Legal Officer

14. Christopher Cain, Corporate Counsel

15. Jeanie Curran, Director of HR Data Management

16. Gary Ruiz, Human Resources Data Support Manager

17. Jennifer Zimmerman, Broadcast Accounting Department

18. Susan Hicks, Broadcast Controller

19. Steve Brunner, Director Corporate Accounting

20. Kathy Gottardy, Assistant Controller

21. Reese Wilson, VP Internal Audit

Each of the above listed persons may be contacted through Clear Channel's counsel.

22. Doc Bodensteiner
    Ladd Johnson
    Jessica Rosenthal
    Wiley Rein LLP
    1776 K Street NW
    Washington, DC 20006
    202-719-7000

23. Michael D. Basile
    Dow Lohnes
    1200 New Hampshire Ave., NW
    Suite 800

        Washington, DC 200366802
        202-776-2000

24.    Kevin Hovorka
        Tony Klaich
        Donald T. Browne
        Cindy A. Wood
        Dwight Gipson
        Crowe Chizek and Co.

25.    William Lisecky
        Azeem Ansar
        Andrew Bracy
        CIBC

26.    Dean Goodman
        DeanRadio.TV
        525 South Flagler Drive
        Suite 21-A
        West Palm Beach, FL 33401

27.    Glenn Kaufman
        Paul Kasper
        Eric L. Schondorf
        Nael Fakhry
        Karen Lalley
        Connie Ma
        George Pelletier
        American Securities Capital Partners, LLC
        Frequency, LLC
        666 Third Avenue, 29th Floor
        New York, NY 10017

28.    Jeffrey Warshaw
        Connoisseur Media, LLC
        136 Main Street, Ste. 202
        Westport, Connecticut 06880

29.    Individuals that may be named by Plaintiff

B.    <u>Documents Relevant to Disputed Facts Alleged in Pleadings</u>

Copies of documents and things Clear Channel may use to support its defenses or counterclaims will be produced in response to discovery requests, subject to Clear Channel's objections thereto and the entry of an appropriate protective order. Clear Channel identifies the

following categories of documents, described below, as documents that may be used to support its defenses or counterclaims. Portions of these categories of documents may consist of confidential information, including information that is the subject of this lawsuit, and may therefore necessitate entry of an appropriate protective order or agreement prior to their production. Again, this information reflects information reasonably available to Clear Channel at this time, and Clear Channel reserves the right to supplement this information if additional or different information is obtained.

Clear Channel makes claims of privilege as to all communications between itself and its attorneys (attorney-client privilege), as well as to all documents created in reasonable anticipation of litigation (trial preparation, attorney work product, party communications, and witness statements), and all other applicable doctrines of privilege and work product. The categories of documents that Clear Channel may use to support its defenses are the following:

1. Documents at Clear Channel, which may include electronically stored materials such as email with attachments, relating to the negotiation of the Confidentiality Agreement;

2. Documents at Clear Channel and Wiley Rein, which may include electronically stored materials such email with attachments, relating to the negotiation and implementation of the APA;

3. Documents at Clear Channel and Wiley Rein relating to the due diligence performed by Plaintiff, including the materials contained in the electronic data room provided through Interlinks;

4. Correspondence by and between Clear Channel and Plaintiff concerning the allegations in Plaintiff's Amended Complaint and Plaintiff's breach and termination of the APA;

5. Documents Clear Channel has requested and/or will request and anticipates receiving from Plaintiff and third parties in discovery in this action relating to the allegations in Plaintiff's Amended Complaint;

6. All parties' disclosure responses; and

7. All parties' answers to written discovery.

C.  <u>Computation of Damages</u>

Clear Channel has not yet asserted any counterclaims for damages and this disclosure is accordingly inapplicable.

D.  <u>Insurance Agreement</u>

There is no insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: November 30, 2007
      New York, New York

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____

R. Laurence Macon
300 Convent Street, Suite 1600
San Antonio, Texas 78205
Telephone:   (210) 281-7000
Fax:   (210) 224-2035
lmacon@akingump.com

Ariane A. Qureshi
590 Madison Avenue
New York, NY 10022-2525
Telephone:   (212) 872-1000
Fax:   (212) 872-1002
aaustin@akingump.com

**COUNSEL FOR DEFENDANT**
**CLEAR CHANNEL BROADCASTING, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of November, 2007, I caused a true and correct copy of the foregoing Defendant's, Clear Channel Broadcasting, Inc., Initial Disclosures to be served by e-mail and first class mail upon the following:

Max R. Shulman, Esq.
Michael T. Reynolds, Esq.
Cravath, Swaine & Moore LLP
825 8th Avenue
New York, NY 10019
212-474-1000
mshulman@cravath.com
mreynolds@cravath.com

*Attorneys for Plaintiff*

Dated:  November 30, 2007
        New York, New York

_____
R. Laurence Macon