```
┌─────────────────────────────────┐
│ USDS SDNY                       │
│ DOCUMENT                        │
│ ELECTRONICALLY FILED            │
│ DOC #: _____            │
│ DATE FILED: 12.12.07            │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FREQUENCY, LLC, f/k/a GOODRADIO.TV, LLC

Plaintiff,

v.

CLEAR CHANNEL BROADCASTING, INC.

Defendant.

---

ECF Case

1:07-cv-07785 (PKC)

## CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS the parties in the above-captioned lawsuit, who are also parties to a lawsuit filed by Defendant Clear Channel Broadcasting, Inc. (*Clear Channel Broadcasting, Inc., et al. v. Frequency, LLC, Cause No. 2007-CI-12493,* in state court in Bexar County, Texas) (collectively with the above-captioned lawsuit, "the Lawsuits"), anticipate that they will exchange information that is likely to involve the disclosure of confidential, trade secret, proprietary, technical, scientific, business, and/or financial information of the parties or a non-party; and

WHEREAS the parties desire to establish a mechanism to protect the disclosure of such information in the Lawsuits.

IT IS HEREBY ORDERED, with consent of all parties, that each of the parties shall be governed by the following terms and conditions in connection with the production of Confidential Information (as defined herein):

1.    Definitions.

a.    The term "Confidential Information" means any information, whether oral or in documentary or other tangible form, designated by a Producing Person as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". The Producing Person may make a designation of "CONFIDENTIAL" as to that information that it in good faith believes contains or reflects non-public, confidential, proprietary, financial, or commercially or legally sensitive information. The Producing Person may make a designation of "ATTORNEYS' EYES ONLY" only as to that information that it in good faith believes contains or reflects information so commercially sensitive that Disclosure of such information other than as permitted by paragraph 7 of this Confidentiality Agreement and Protective Order may cause substantial harm to the Producing Person.

b.    The "Court" is defined herein as encompassing the court that adjudicates this Action and any court that may hear this Action in any appellate or original proceeding.

c.    The terms "Disclose" and "Disclosure" mean to show, give, make available or communicate, in any fashion, to any Person, any information, Document, information concerning the content of any Document, or any portion of the information contained in any Document, furnished by a Producing Person.

d.    The term "Producing Person" is defined herein as any party or non-party who is requested to produce or produces any Documents, tangible things or testimony in connection with the Lawsuits.

e.    The term "Receiving Person" means any Person to whom information is Disclosed in connection with the Lawsuits.

2

f.     The term "Document" shall have the same meaning as found in Rule 192.3(b) of the Texas Rules of Civil Procedure and Rule 34(a) of the Federal Rules of Civil Procedure.

g.     The term "Person" means any natural person, corporation, partnership, sole proprietorship, group, association, organization, business entity, governmental body, or agency.

2.     This Confidentiality Agreement and Protective Order applies to all Documents, tangible things, deposition testimony and other information Disclosed by a Producing Person in connection with the Lawsuits, regardless of whether such information was produced prior to or after the entry of this Confidentiality Agreement and Protective Order.

3.     A party may designate information that is produced by a non-party as "CONFIDENTIAL" only if the party in good faith believes this information contains or reflects non-public, confidential, proprietary, financial, or commercially or legally sensitive information. The Producing Person may make a designation of "ATTORNEYS' EYES ONLY" only as to that information that it in good faith believes contains or reflects information so commercially sensitive that Disclosure of such information other than as permitted by paragraph 7 of this Confidentiality Agreement and Protective Order may cause substantial harm to the party and/or to the producing non-party.

4.     Any information supplied in documentary or other tangible form may be designated by a Producing Person as Confidential Information by placing or affixing on each page of such Document, or on the face of such thing, the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".

5.     Any summary, compilation, notes, or copy containing Confidential Information, and any electronic image or database containing Confidential Information shall be subject to the terms of the Confidentiality Agreement and Protective Order to the same extent as the material

3

or information from which such summary, compilation, notes, copy, electronic image or database is derived.

      6.    "Qualified Persons", as used herein, means:

      a.    any Court presiding over the Lawsuits and the Court's support staff, court reporters, and other authorized Court personnel;

      b.    attorneys of record in the Lawsuits, including necessary legal assistants and stenographic and clerical employees actually assisting such counsel;

      c.    outside vendors engaged by counsel to scan and/or code Documents, who shall sign a document agreeing to be bound by the terms of this Confidentiality Agreement and Protective Order;

      d.    any individual party or corporate party representatives, provided that such corporate party representatives are designated in writing by notice to attorneys of record in the Lawsuits prior to any Disclosure of Confidential Information to such corporate party representatives, and provided that any such corporate party representative shall sign a document agreeing to be bound by the terms of this Confidentiality Agreement and Protective Order;

      e.    in-house lawyers for a corporate party, including necessary legal assistants and stenographic and clerical employees actually assisting the in-house lawyers, all of whom shall sign a document agreeing to be bound by the terms of this Confidentiality Agreement and Protective Order;

      f.    actual or potential outside independent experts or consultants who have signed a document agreeing to be bound by the terms of this Confidentiality Agreement and Protective Order; and

4

g.     any individual who previously had rightful access to the Confidential Information in question, as authorized by the Disclosing Party, in the form that the Confidential Information was produced by the Disclosing Party, in the ordinary course of business or employment.

7.     Materials designated as "CONFIDENTIAL" shall not be Disclosed or made available by the Receiving Person to persons other than Qualified Persons. Information designated as "ATTORNEYS' EYES ONLY" shall not be Disclosed or made available by the Receiving Person to persons other than the Qualified Persons described in Paragraph 6(a), (b), (c), (e), (f) and (g) above.

8.     In the event additional parties join or are joined in this Action, they shall not have access to Confidential Information until such newly joined party or its counsel has executed and filed with the Court its agreement to be fully bound by this Confidentiality Agreement and Protective Order.

9.     All information or Documents Disclosed in connection with the Lawsuits, whether or not containing Confidential Information, shall be used solely for purposes of preparation for pre-hearing proceedings and the adjudication and trial of the Lawsuits or related actions, and not for any business, commercial, competitive, personal or other purpose.

10.     In the event that any question is asked at a deposition or an evidentiary hearing that involves or calls for the Disclosure of Confidential Information, the witness shall nevertheless answer such question unless he or she has an independent basis for not responding, provided that only Qualified Persons are in attendance at the deposition or evidentiary hearing and are entitled under this Confidentiality Agreement and Protective Order to receive that Confidential Information. Counsel for the Person claiming confidentiality may designate portions of deposition or hearing transcripts as Confidential Information, either at the deposition

5

or evidentiary hearing, by making a statement for inclusion in the transcript, or within twenty
(20) calendar days after receipt of the transcript by notifying opposing attorneys of record in the
Lawsuits in writing.  During that period of twenty (20) days, the transcript shall be treated as
entirely "Confidential".  The court reporter for any deposition or evidentiary hearing shall mark
pages that contain testimony designated as Confidential Information, and such confidential
portions of depositions or hearing transcripts shall be bound separately from non-confidential
pages of depositions or hearing transcripts.

      11.    In the event any information or material is inadvertently produced and the
Producing Person later claims the information or material is protected by the attorney-client
privilege, work product doctrine or other privilege or immunity, the Receiving Person must
promptly, but not later than three (3) business days after receipt of a written request by the
Producing Person, return the original of the specified information or material to the Producing
Person, destroy all copies thereof, as well as all notes, memoranda or other Documents that
summarize, discuss or quote the Document, and delete any copy of the Document, or any portion
thereof, from any word processing or data base tape or disk it maintains.  In the event the
Receiving Person has Disclosed the inadvertently produced Document to a third party, the
Receiving Person shall retrieve all copies of the Document and destroy them.  Production of
privileged, work-product-protected or otherwise protected Documents in the course of discovery
in this Action shall not constitute a waiver of any privilege, work product protection or
immunity, either as to the produced Document or as to any other Documents or communications.
Return of a Document for which the Producing Person has asserted a claim of privilege, work-
product-protection, or immunity under this paragraph shall be without prejudice to a party's right
to seek an order from the Court directing production of the Document on the ground that the

6

claimed privilege, work product protection or immunity is invalid or inapplicable, provided, however, that mere production of the Document in the course of this Action shall not be a ground for asserting waiver of the privilege, protection or immunity.

12.     Inadvertent failure to designate any information as Confidential Information pursuant to this Confidentiality Agreement and Protective Order shall not constitute a waiver of any otherwise valid claim for confidentiality or protection, so long as such claim is asserted within twenty (20) calendar days of the discovery of the inadvertent failure.  At such time, arrangements shall be made for the return or destruction of all copies of the inadvertently mis-designated Documents and for the substitution, where appropriate, of properly designated copies. In the event a Receiving Person has Disclosed the inadvertently mis-designated Documents to any Person who is not entitled under this Confidentiality Agreement and Protective Order to receive Confidential Information, the Receiving Person shall retrieve those Documents and return them to the Producing Person or destroy them.

13.     Nothing in this, nor the production of any Documents or Disclosure of any information pursuant to this Confidentiality Agreement and Protective Order, shall be deemed to have the effect of (i) an admission or waiver, including waiver under the rules of evidence, by any party or other subscriber to this Confidentiality Agreement and Protective Order; or (ii) altering the confidentiality or nonconfidentiality of any such information.

14.     This order shall not bar any attorney herein in the course of rendering advice to the attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information produced or exchanged herein; provided, however that in rendering such advice and otherwise communicating with the attorney's client, the attorney shall not Disclose

7

the specific contents of any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information produced by another party herein, which Disclosure would be contrary to the terms of this Protective Order.

15.    If the Receiving Person desires to Disclose Confidential Information to a Person who is not entitled under this Confidentiality Agreement and Protective Order to receive that Confidential Information, or if the Receiving Person disagrees with the confidentiality designation by the Producing Person, then the Receiving Person shall so notify the attorneys of record in the Lawsuits for the Producing Person in writing. Counsel for the Producing Person and the Receiving Person shall first try to resolve such dispute within five (5) business days after receipt of the Receiving Person's notice. If the dispute cannot be resolved, the party seeking such Disclosure, upon no fewer than five (5) business days' written notice to the Producing Person may, by specifying the basis on which it claims that such designation is improper or that such Disclosure is appropriate, seek a ruling from the Court that the information is not properly designated. Pending a determination by the Court, such information shall be treated under this Confidentiality Agreement and Protective Order as Confidential Information as designated by the Producing Person. The burden of proving that the document was properly designated as Confidential shall remain on the Producing Person.

16.    In the event a party wishes to use any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in the Lawsuits, such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information used therein shall, to the extent allowed by the Court, be filed under seal in accordance with the applicable rules of civil procedure.

8

17.    The parties shall not be obligated to challenge the propriety of a confidentiality designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation. This Confidentiality Agreement and Protective Order shall be without prejudice to the right of any party or other subscriber to this Confidentiality Agreement and Protective Order to present a motion to the Court for a separate protective order as to any such particular Document or information, including restrictions differing from those specified herein. This Confidentiality Agreement and Protective Order shall not be deemed to prejudice any party in any way in any future application for a protective order.

18.    All Documents containing Confidential Information that are submitted to the Court shall be marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".

19.    If Confidential Information in the possession, custody or control of any Receiving Person is sought by subpoena or other form of discovery request or compulsory process, the Receiving Person to whom the process or discovery request is directed, shall (i) on or before the third business day after receipt thereof, give written notice by hand or facsimile of such process or discovery request together with a copy thereof, to the attorneys of record in the Lawsuits for the Producing Person, to permit the Producing Person to seek to quash or modify such process or discovery request; and (ii) not make production or Disclosure of such Confidential Information until the Producing Person consents in writing to production or the Receiving Person is required by law, the Court or court order to produce such Confidential Information, so long as the order is not stayed prior to the date set for production or Disclosure.

20.    Within 120 days after the final termination of this Action, including all appeals, any Receiving Person, shall, upon request of the Producing Person: (i) with respect to originals, return to the Producing Person or (at the option of the Producing Person) destroy all originals of

9

material produced and designated as Confidential Information and all identical copies, whether

in whole or in part, of such Documents; and (ii) with respect to all other copies, destroy all

copies thereof, as well as, all notes, memoranda or other Documents that summarize, discuss or

quote materials produced and designated as Confidential Information, except that, with respect to

word processing and data base tapes and disks, they shall destroy or erase such tapes or disks to

the extent practicable.  Outside attorneys of record in the Lawsuits for each party shall be entitled

to retain copies of deposition transcripts, and any Documents required by their insurance carrier

or any applicable law, or that have been filed with the Court or admitted into evidence and that

contain or refer to information designated as Confidential Information, provided that all such

Documents shall remain subject to this Confidentiality Agreement and Protective Order.  Upon

request, attorneys of record in the Lawsuits for the parties shall certify in writing to each

Producing Person that the foregoing has been complied with.

      21.    Except as specifically noted herein, this Confidentiality Agreement and Protective

Order shall not limit a Producing Person's use of its own Confidential Information, nor shall it

limit the ability of a party to Disclose any Document to its author or to anyone identified on the

face of the Document as a recipient.

      22.    The parties agree forthwith to submit this Confidentiality Agreement and

Protective Order to the Court for approval and entry.  The parties agree to be bound by the

provisions of this Confidentiality Agreement pending the Court's approval and entry.

      23.    This Confidentiality Agreement and Protective Order shall survive and remain in

full force and effect after termination of the Lawsuits.

10

24.     This Court shall have continuing jurisdiction to modify, amend, enforce, interpret or rescind this Confidentiality Agreement and Protective Order notwithstanding the termination of this action.

11

AGREED by the parties to this Action,

Dated:  December 7, 2007

CRAVATH, SWAINE & MOORE LLP

by _____
Max R. Shulman
A member of the Firm

Attorneys for Plaintiff
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

AKIN GUMP STRAUSS HAUER & FELD LLP

by _____
R. Laurence Macon
A member of the Firm

Attorneys for Defendant
300 Convent Street
Suite 1500
San Antonio, TX 78205
(210) 281-7222

PKC  SUBJECT TO
ADDENDUM INCORPORATED
HEREIN.

SO ORDERED:

_____
Hon. P. Kevin Castel
United States District Judge

12-12-07

12